IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

KYMBERLY HOBBS, ADMINISTRATOR     PLAINTIFF
OF THE ESTATE OF CHARLES JAMES GIVENS,
DECEASED

v.     CASE NO. 1:23-CV-3

ANTHONY RAYMOND KELLY     DEFENDANTS

AND

GREGORY SCOTT PLUMMER

AND

JOSHUA CALEB JACKSON

AND

WILLIAM ZACHARY MONTGOMERY

AND

SAMUEL DALE OSBORNE

## ANSWER

COMES NOW, the Defendant Samuel Dale Osborne, by and through counsel, and files the following as his answer to the Complaint filed by the Plaintiff in the above referenced matter:

1. The Allegations contained in paragraph 1 of the Complaint are partially admitted and partially denied. More specifically, Defendant Osborne admits that Mr. Givens was found unresponsive in his cell and that he was later declared dead. The remaining factual allegations set forth in paragraph 1 of the Complaint are denied and strict proof thereof is demanded.

1

2. The allegations set forth in paragraph 2 of the complaint are legal assertions of jurisdiction and requires no factual response from the Defendant Osborne.

3. The allegations set forth in paragraph 3 of the complaint are legal assertions of venue and requires no factual response from Defendant Osborne,

4. The allegations set forth in paragraph 4 of the complaint are legal assertions of venue and requires no factual response from Defendant Osborne.

5. Defendant Osborne lacks sufficient factual knowledge to admit or deny the assertions contained within paragraph 5 of the complaint. As such those assertions are denied and strict proof thereof is demanded.

6. Based on information and belief the allegations contained within paragraph 6 of the complaint are admitted.

7. Based on information and belief the allegations contained within paragraph 7 of the complaint are admitted.

8. Based on information and belief the allegations contained within paragraph 8 of the complaint are admitted.

9. The allegations contained within paragraph 9 of the Complaint are admitted.

10. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 10 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

11. The allegations contained within paragraph 11 of the complaint are admitted.

12. Defendant Osborne lacks sufficient information to admit or deny allegations contained in paragraph 12 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

13. The allegations contained within paragraph 13 are admitted in part and denied in part. Defendant Osborne admits that Mr. Givens sometimes defecated on himself. Defendant Osborne lacks sufficient information to admit or deny the remaining allegations in paragraph 13 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

14. The allegations contained in paragraph 14 of the complaint are denied and strict proof thereof is demanded.

15. The allegations contained in paragraph 15 of the complaint are denied and strict proof thereof is demanded.

16. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 16 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

17. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 17 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

18. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 18 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

19. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 19 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

20. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 20 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

21. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 21 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

22. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 22 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

23. The allegations contained in paragraph 23 of the complaint are denied.

24. The allegations contained in paragraph 24 of the complaint are admitted in part and denied in part. Specifically, Defendant Osborne admits that on February 5th, 2022, Inmate Givens was found to have defecated on himself. Defendant Osborne lacks sufficient information to admit or deny the remaining allegations contained within paragraph 24, as such those allegations are denied and strict proof thereof is demanded.

25. The allegations contained within paragraph 25 of the complaint are admitted.

26. The allegations contained within paragraph 26 of the complaint are denied.

27. The allegations contained in paragraph 27 of the complaint are admitted in part and denied in part. Specifically, Defendant Osborne admits that he was assigned to work Mr. Givens' cell area. Defendant Osborne lacks sufficient information to admit or deny the remaining factual allegations set forth in paragraph 27 of the complaint, as such those allegations are denied and strict proof thereof is demanded.

28. Defendant Osborne lacks sufficient information to admit or deny the allegations contained within paragraph 28 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

29. The allegations contained within paragraph 29 of the complaint are denied.

30. The allegations contained within paragraph 30 of the complaint are denied.

31. The allegations contained within paragraph 31 of the complaint are denied.

32. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 32 of the incident. As such, these allegations are denied and strict proof thereof is demanded.

33. The allegations contained in paragraph 33 of the complaint are admitted in part and denied in part. Defendant Osborne admits that nothing out of the ordinary occurred in the shower room, that Mr. Givens appeared to be normal when he returned to his cell and that he remained in his cell until he was found unresponsive. Defendant Osborne denies the remaining factual allegations set forth in paragraph 33 of the complaint.

34. The allegations contained within paragraph 34 of the complaint are denied.

35. The allegations contained within paragraph 35 of the complaint are admitted.

36. The allegations contained within paragraph 36 of the complaint are denied.

37. Defendant Osborne lacks sufficient information to admit or deny the allegations contained within paragraph 37 of the complaint. As such, those allegations are denied, and strict proof thereof is demanded.

38. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 38 of the complaint. As such, those allegations are denied, and strict proof thereof is demanded.

39. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 39 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

40. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 40 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

41. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 41 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

42. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 42 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

43. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 43 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

44. The allegations contained within paragraph 44 of the complaint are denied.

45. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 45 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

46. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 46 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

47. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 47 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

48. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 48 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

49. The allegations contained within paragraph 49 of the complaint are denied.

50. The allegations contained within paragraph 50 of the complaint are denied.

51. The allegations contained within paragraph 51 of the complaint are denied.

52. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 52 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

53. The allegations contained within paragraph 53 of the complaint are denied.

54. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 54 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

55. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 55 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

56. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 56 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

57. The allegations contained within paragraph 57 of the complaint are denied.

58. The allegations contained within paragraph 58 of the complaint are denied.

59. The allegations contained within paragraph 59 of the complaint are denied.

60. Defendant Osborne lacks sufficient information to admit or deny the allegations contained in paragraph 60 of the complaint. As such, those allegations are denied and strict proof thereof is demanded.

61. Defendant Osborne incorporates his prior responses to this complaint as set forth in paragraphs 1 through 60, and expressly denies any factual allegation or legal conclusions that have not been expressly admitted above.

62. The allegations contained in paragraph 62 of the complaint are admitted.

63. The allegations contained within paragraph 63 of the complaint are denied.

64. The allegations contained within paragraph 64 of the complaint are denied.

65. The allegations contained within paragraph 65 of the complaint are denied.

66. The allegations contained within paragraph 66 of the complaint are denied.

67. The allegations contained within paragraph 67 of the complaint are denied.

68. The allegations contained within paragraph 68 of the complaint are denied.

69. Defendant Osborne incorporates his prior responses to this complaint as found in paragraphs 1 through 68, and expressly denies any factual allegation and or legal conclusions that have not been expressly admitted above.

70. The allegations contained within paragraph 70 of the complaint are denied.

71. The allegations contained within paragraph 71 of the complaint are denied.

72. The allegations contained within paragraph 72 of the complaint are denied.

73. Defendant Osborne incorporates his prior responses to this complaint as set forth in paragraphs 1 through 72, and expressly denies any factual allegations and or legal conclusions that have not been expressly admitted above.

74. The allegations contained within paragraph 74 of the complaint are denied.

75. The allegations contained within paragraph 75 of the complaint are denied.

76. The allegations contained within paragraph 76 of the complaint are denied.

77. The allegations contained within paragraph 77 of the complaint are denied.

78. The allegations contained within paragraph 78 of the complaint are denied.

79. The allegations contained within paragraph 79 of the complaint are denied.

80. The allegations contained within paragraph 80 of the complaint are denied.

81. The allegations contained within paragraph 81 of the complaint are denied.

82. The allegations contained within paragraph 82 of the complaint are denied.

83. The allegations contained within paragraph 83 of the complaint are denied.

84. The allegations contained within paragraph 84 of the complaint are denied.

85. The allegations contained within paragraph 85 of the complaint are denied.

86. The allegations contained within paragraph 86 of the complaint are denied.

87. The allegations contained within paragraph 87 of the complaint are denied.

88. The allegations contained within paragraph 88 of the complaint are denied.

89. The allegations contained within paragraph 89 of the complaint are denied.

90. The allegations contained within paragraph 90 of the complaint are denied.

91. The allegations contained within paragraph 91 of the complaint are denied.

92. Defendant Osborne incorporates his prior responses to this complaint as set forth in paragraphs 1 through 91, and expressly denies any factual allegations and or legal conclusions that have not been expressly admitted above.

93. The allegations contained within paragraph 93 of the complaint are denied.

94. The allegations contained within paragraph 94 of the complaint are denied.

95. The allegations contained within paragraph 95 of the complaint are denied.

96. The allegations contained within paragraph 96 of the complaint are denied.

97. The allegations contained within paragraph 97 of the complaint are denied.

98. Defendant Osborne incorporates his prior responses to this complaint as set forth in paragraphs 1 through 97, and expressly denies any factual allegations and or legal conclusions that have not been expressly admitted above.

99. The allegations contained within paragraph 99 of the complaint are denied.

100. The allegations contained within paragraph 100 of the complaint are denied.

101. The allegations contained within paragraph 101 of the complaint are denied.

102. The allegations contained within paragraph 102 of the complaint are denied.

103. The allegations contained within paragraph 103 of the complaint are denied.

104. The allegations contained within paragraph 104 of the complaint are denied.

105. The allegations contained in paragraph 105 of the complaint require no response.

106. All allegations not specifically admitted are denied.

107. Defendant Osborne denies being liable to the plaintiff in the amount sued for or in any amount.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

108. The actions of Defendant Osborne were done within the scope of his employment and he is entitled to qualified immunity.

## SECOND DEFENSE

109. The decedent has not been deprived of any right, privilege, or immunity secured to him by the Constitution of the United States or any Act of Congress.

## THIRD DEFENSE

110. The plaintiff has failed to state a claim against Defendant Osborne as the allegations against him, although untrue, would be *de menimis* as pleaded.

## FOURTH DEFENSE

111. The injury or death of the decedent was not the actual or proximate cause of any actions or inactions of Defendant Osborne.

## FIFTH DEFENSE

112. Defendant Osborne did not breach any legal duty owed to the decedent.

## SIXTH DEFENSE

113. Defendant Osborne reserves the right to assert additional defenses, affirmative, or otherwise, upon further investigation and discovery into the matters alleged.

114.

WHEREFORE, the Defendant, Samuel Osborne, requests that the Complaint against him be dismissed and he be awarded his costs.

                                                    Respectfully Submitted,
                                                        Samuel Osborne

 /s/Jeremy B. O'Quinn/s/_____
Jeremy B. O'Quinn

Virginia State Bar Number: 78891
Attorney for **Samuel Dale Osborne**
The O'Quinn Law Office, PLLC
P.O. Box 2327
532 W. Main Street
Wise, VA 24293
Telephone: (276) 679-2111
Fax: (276) 679-2112
E-mail theoquinnlawoffice@gmail.com

## CERTIFICATE OF SERVICE

I, Jeremy B. O'Quinn, do hereby certify that I have electronically filed the foregoing **Answer** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record on **March 16th, 2023**

 /s/Jeremy B. O'Quinn/s/
Jeremy B. O'Quinn
Virginia State Bar Number: 78891
Attorney for **Samuel Dale Osborne**
The O'Quinn Law Office, PLLC
P.O. Box 2327
532 W. Main Street
Wise, VA 24293
Telephone: (276) 679-2111
Fax: (276) 679-2112
E-mail theoquinnlawoffice@gmail.com