IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

KYMBERLY HOBBS, ADMINISTRATOR                          PLAINTIFF
OF THE ESTATE OF CHARLES JAMES GIVENS,
DECEASED

v.        CASE NO. 1:23-CV-3

ANTHONY RAYMOND KELLY                                  DEFENDANTS

AND

GREGORY SCOTT PLUMMER

AND

JOSHUA CALEB JACKSON

AND

WILLIAM ZACHARY MONTGOMERY

AND

SAMUEL DALE OSBORNE

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW, the Defendant Samuel Dale Osborne, by and through counsel, and files the following as his memorandum of law in support of his previously filed Motion to Dismiss pursuant to Rule 12(b)(6).

## I.   INTRODUCTION

This case involves the Administrator of the Estate of Charles James Givens (hereinafter the decedent), a lady named Kymberly Hobbs, filing a complaint for violations of 42 U.S.C §1983 against all the defendants (Counts 1 and II, *Complaint* at 14 and 15, State Law Battery against Defendants Kelly, Plummer, Jackson and Montgomery (Count III), *Id* at 16, Gross

Negligence against Defendant Osborne (Count IV), *Id* a 17, and Willful and Wanton Negligence against Defendant Osborne (Count V), *Id* at 18.  This memorandum of law and accompanying motion to dismiss only address counts IV and V as they pertain to Defendant Osborne.

Concerning both Counts IV and V, the Plaintiff essentially states that Defendant Osborne committed acts of gross and willful and wanton negligence by failing to intervene when the remaining defendants severely beat the decedent to the point that he was injured and subsequently died.  *Id.* at 17-19.

## II.  ARGUMENT

### A.  STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim; it does not serve as the means by which a court will resolve contests surrounding the facts, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, the Court will accept a plaintiffs well-pleaded allegations as true and view the facts in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678.

Under the Federal Rules of Civil Procedure, a complaint or counterclaim must state facts sufficient to "'give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]'" *Bell All. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). As the Supreme Court opined in *Twombly,* a complaint or counterclaim must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" rendering the right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. Thus, a complaint or counterclaim must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. And the facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.L Dupont de Nemours & Co.,* 324 F.3d

761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States,* 289 F.3d 270, 281 (4th Cir. 2002)).

**B.  COUNTS IV and V – GROSS NEGLIGENCE AND WILLFUL AND WANTON NEGLIGENCE**

In asserting her claim against Defendant Osborne for Gross Negligence, the Plaintiff alleges that Defendant Osborne "in violation of the duties he owed to Mr. Givens, allowed Defendants Kelly, Plummer, Jackson, and Montgomery to savagely beat Mr. Givens.  Defendant Osborne's failure to act to assist Mr. Givens would shock fair minded people and demonstrates a lack of even some degree of care being exhibited towards Mr. Givens."  *Complaint* at 17.

First, "there can be no actionable negligence unless there is a legal duty, a violation of that duty, and a consequent injury."  *Gray v. INOVA Health Care Servs.,* 257 Va. 315, 319 (1990).  This is the bare minimum standard that the Plaintiff would have to meet if she had plead a theory of simple negligence.

However, instead of simple negligence, the Plaintiff has alleged gross negligence and willful and wanton negligence.  Gross negligence has the same basic elements but "requires a degree of negligence that would shock fair-minded persons . . . showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person.  *Cowan v. Hospice Support Care, Inc.,* 268 Va. 482, 487 (2004).

Because the "standard for gross negligence in Virginia is one of indifference, not inadequacy . . .  a claim for gross negligence must fail as a matter of law, when the evidence shows that the Defendants exercised some degree of care . . .[e]ven if they waited too long to do so." *Fijalkowski v. Wheeler,* 801 F. App'x 906 (4th, 2020).

"On the other hand, the more culpable theory of willful and wanton negligence differs from gross negligence because it 'requires an actual or constructive consciousness that injury will

result from the act done or omitted.' *Alfonso v. Robinson*, 257 Va. 540, 545, 514 S.E.2d 615, 618 (1999)." *Murray v. Correct Care Sols*., LLC (E.D. Va. 2017).

In looking at this claim, the Court's first obligation must be to determine whether Defendant Osborne owed the decedent a duty under Virginia Law.  The Virginia Supreme Court has held that in order for there to be "actionable negligence, a legal duty must exist, and there must be a violation of that duty with resulting damage." *Marshall v. Winston*, 239 Va. 315, 318, 389 S.E.2d 902, 904 (1990); *Fox v. Custis*, 236 Va. 69, 73-74, 372 S.E.2d 373, 375 (1988).

Generally, "a person has no duty to control the conduct of third persons in order to prevent physical harm to another." *Marshall*, 239 Va. at 318, 389 S.E.2d at 904. "This is particularly so when the third person commits acts of assaultive criminal behavior because such acts cannot reasonably be foreseen." *Id*.

However, "the general rule does not apply when a special relation exists (1) between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct, or (2) between the defendant and the plaintiff which gives a right to protection to the plaintiff. *Id*.; accord *Dudley v. Offender Aid and Restoration*, 241 Va. 270, 276, 401 S.E.2d 878, 881 (1991); Fox, 236 Va. at 74, 372 S.E.2d at 375; *Klingbeil Management Group Co. v. Vito*, 233 Va. 445, 447-48, 357 S.E.2d 200, 201 (1987).

Here, you have the Plaintiff attempting to impose upon Osborne a duty to control the conduct of third persons in order to prevent physical harm to another.  And more particularly to do so when the third parties are allegedly committing criminal assaultive acts against the decedent.

The only possible way this could be accomplished under the law is if this Court finds that a special relationship exists between a correctional officer and an inmate.  The problem is the

4

Virginia Supreme Court, despite being given numerous opportunities to do so has never found

that such a relationship exists.   Because, the Virginia Supreme Court has never found such a

relationship to exist, Defendant Osborne contends that it would be improper for this Court to

impose such a special relationship on him now and contends that the Court should dismiss both

the Gross Negligence and Willful and Wanton Negligence claims against him.


Respectfully Submitted,
Samuel Osborne


_/s/Jeremy B. O'Quinn/s/_____
Jeremy B. O'Quinn
Virginia State Bar Number: 78891
Attorney for **Samuel Dale Osborne**
The O'Quinn Law Office, PLLC
P.O. Box 2327
532 W. Main Street
Wise, VA 24293
Telephone: (276) 679-2111
Fax: (276) 679-2112
E-mail theoquinnlawoffice@gmail.com


## CERTIFICATE OF SERVICE

I, Jeremy B. O'Quinn, do hereby certify that I have electronically filed the foregoing

**Memorandum in Support of Motion to Dismiss** with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to all parties of record on **March 16th, 2023**


_/s/Jeremy B. O'Quinn/s/_____
Jeremy B. O'Quinn
Virginia State Bar Number: 78891

5

Attorney for **Samuel Dale Osborne**
The O'Quinn Law Office, PLLC
P.O. Box 2327
532 W. Main Street
Wise, VA 24293
Telephone: (276) 679-2111
Fax: (276) 679-2112
E-mail theoquinnlawoffice@gmail.com

6