IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| KYMBERLY HOBBS, ADMINISTRATOR OF THE ESTATE OF CHARLES JAMES GIVENS, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY RAYMOND KELLY, et al., <br><br> Defendants. | Civil Action No.: 1:23CV00003 |

**ANSWER OF DEFENDANTS KELLY, PLUMMER, JACKSON AND MONTGOMERY TO AMENDED COMPLAINT**

Defendants Anthony Raymond Kelly, Gregory Scott Plummer, Joshua Ray Jackson and William Zachary Montgomery, by counsel, submit the following as their Answer to the Amended Complaint:

1. The allegations contained in Paragraph 1 are denied.

2. The allegations contained in Paragraph 2 are denied.

3. Responding to the allegations in Paragraph 3, these defendants deny that the plaintiff has any valid claims against them, but they do not challenge jurisdiction in this Court.

4. Responding to the allegations in Paragraph 4, these defendants deny that the plaintiff has any valid claims against them, but they do not challenge venue in this Court.

5. Responding to the allegations in Paragraph 5, these defendants deny that the plaintiff has any valid claims against them, but they do not challenge venue in this Court.

6. These defendants lack sufficient knowledge to either deny or admit all of the allegations in this Paragraph 6 and require strict proof thereof.

7. Responding to the allegations contained in Paragraph 7, Defendant Kelly admits that he was an agent and/or employee of the Virginia Department of Corrections working as a sergeant at the Treatment Center. Kelly denies the plaintiff's allegations in the Complaint but admits that he was acting within the scope of his employment and/or agency with VDOC and under the color of state law while working at Marion Correctional Treatment Center. All other allegations contained in Paragraph 7 are denied and requires strict proof thereof.

1

8.     Responding to the allegations contained in Paragraph 8, Defendant Plummer admits that he was an agent and/or employee of the Virginia Department of Corrections working as a treatment officer at the Treatment Center. Plummer denies the plaintiff's allegations in the Complaint but admits that he was acting within the scope of his employment and/or agency with VDOC and under the color of state law while working at Marion Correctional Treatment Center. All other allegations contained in Paragraph 8 are denied and requires strict proof thereof.

9.     Responding to the allegations contained in Paragraph 9, Defendant Jackson denies that his middle initial is C. Jackson admits that he was an agent and/or employee of the Virginia Department of Corrections working as a correctional officer at the Treatment Center. Jackson denies the plaintiff's allegations in the Complaint but admits that he was acting within the scope of his employment and/or agency with VDOC and under the color of state law while working at Marion Correctional Treatment Center. All other allegations contained in Paragraph 9 are denied and requires strict proof thereof.

10.    Responding to the allegations contained in Paragraph 10, Defendant Montgomery admits that he was an agent and/or employee of the Virginia Department of Corrections working as a correctional officer at the Treatment Center. Montgomery denies the plaintiff's allegations in the Complaint but admits that he was acting within the scope of his employment and/or agency with VDOC and under the color of state law while working at Marion Correctional Treatment Center. All other allegations contained in Paragraph 10 are denied and requires strict proof thereof.

11.    Responding to the allegations contained in Paragraph 11, Defendants admit that Osborne was an agent and/or employee of the Virginia Department of Corrections working as a correctional officer at the Treatment Center. Defendants admit that Osborne was acting within the scope of his employment and/or agency with VDOC and under the color of state law. All other allegations contained in Paragraph 11 are denied and requires strict proof thereof.

12.    Responding to the allegations contained in Paragraph 12, Defendants admit that Poston was an agent and/or employee of the Virginia Department of Corrections working as the Captain at the Treatment Center. Defendants admit that Poston was acting within the scope of his employment and/or agency with VDOC and under the color of state law. All other allegations contained in Paragraph 12 are denied and requires strict proof thereof.

13.    Responding to the allegations contained in Paragraph 13, Defendants admit that Artrip was an agent and/or employee of the Virginia Department of Corrections working as the Warden at the Treatment Center from April 2019 through February 2022. Defendants admit that Atrip was acting within the scope of his employment and/or agency with VDOC and under the color of state law. All other allegations contained in Paragraph 13 are denied and requires strict proof thereof.

14.    The allegations contained in Paragraph 14 are admitted.

15. The allegations contained in Paragraph 15 are admitted.

16. The allegations contained in Paragraph 16 are admitted.

17. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 17 and require strict proof thereof

18. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 18 and require strict proof thereof.

19. Responding to the allegations in Paragraph 19, these defendants admit that Givens defecated on himself and had health problems. These defendants lack sufficient knowledge to either deny or admit the remaining allegations in Paragraph 19 and require strict proof thereof.

20. The allegations contained in Paragraph 20 are denied.

21. The allegations contained in Paragraph 21 are denied.

22. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 22 and require strict proof thereof.

23. The allegations contained in Paragraphs 23, 23a, 23b, and 23c are denied.

24. The allegations contained in Paragraphs 24, 24a, and 24b are denied.

25. The allegations contained in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26 are denied.

27. These defendants deny that they abused Givens but otherwise lack sufficient knowledge to either deny or admit all of the allegations in Paragraphs 27, 27a, 27b and 27c and require strict proof thereof.

28. These defendants deny that they abused Givens but otherwise lack sufficient knowledge to either deny or admit all of the allegations in Paragraphs 28, 28a, and 28b and require strict proof thereof.

29. These defendants deny that they abused Givens but otherwise lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 29 and require strict proof thereof.

30. These defendants deny that they abused Givens but otherwise lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 30 and require strict proof thereof.

31. These defendants deny that they abused Givens but otherwise lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 31 and require strict proof thereof.

Abingdon: 1238448-1

32. These defendants deny that they abused Givens but otherwise lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 32 and require strict proof thereof.

33. These defendants deny that they abused Givens but otherwise lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 33 and require strict proof thereof.

34. These defendants deny that they abused Givens but otherwise lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 34 and require strict proof thereof.

35. These defendants deny that they abused Givens but otherwise lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 35 and require strict proof thereof.

36. The allegations contained in Paragraph 36 are denied.

37. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 37 and require strict proof thereof.

38. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 38 and require strict proof thereof.

39. The allegations in Paragraph 39 are denied.

40. The allegations in Paragraph 40 are denied.

41. The allegations in Paragraph 41 are denied.

42. The allegations in Paragraphs 42, 42a, 42b, 42c, 42d, 42e and 42f are denied.

43. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 43 and require strict proof thereof.

44. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraphs 44, 44a, and 44b and require strict proof thereof.

45. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 45 and require strict proof thereof.

46. The allegations in Paragraph 46 are denied.

47. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 47, 47a, 47b, 47c, and 47d and require strict proof thereof.

48. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 48 and require strict proof thereof.

49. The allegations contained in Paragraph 49 are denied.

Abingdon: 1238448-1

50. The allegations contained in Paragraph 50 are denied.

51. The allegations contained in Paragraph 51 are denied.

52. In response to the allegations in Paragraph 52, the defendants admit that the five Defendants escorted Mr. Givens to the shower area. The remaining allegations in Paragraph 52 are denied.

53. The allegations contained in Paragraph 53 are denied.

54. The allegations contained in Paragraph 54 are denied.

55. Responding to the allegations in Paragraph 55, these defendants state that the video speaks for itself. These defendants lack sufficient knowledge to either deny or admit the remaining allegations in Paragraph 55 and require strict proof thereof.

56. Responding to the allegations in Paragraph 56, these defendants state that the video speaks for itself. The allegations contained in Paragraph 56 are denied.

57. The allegations contained in Paragraph 57 are denied.

58. The allegations contained in Paragraph 58 are denied.

59. These defendants deny the allegations in Paragraph 59 and require strict proof thereof.

60. The allegations contained in Paragraph 60 are denied.

61. The allegations contained in Paragraph 61 are denied.

62. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 62 and require strict proof thereof.

63. Responding to the allegations in Paragraph 63, these defendants state that the video speaks for itself. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 63 and require strict proof thereof.

64. Responding to the allegations in Paragraph 64, these defendants state that the records speak for themselves. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 64 and require strict proof thereof.

65. Responding to the allegations in Paragraph 65, these defendants state that records speak for themselves. The plaintiff's characterizations are denied.

66. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 66 and require strict proof thereof.

67. Responding to the allegations in Paragraph 67, these defendants deny that Givens was beaten. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 67 and require strict proof thereof.

Abingdon: 1238448-1

68. Responding to the allegations in Paragraph 68, these defendants deny that Givens was beaten. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 68 and require strict proof thereof.

69. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 69 and require strict proof thereof.

70. The allegations contained in Paragraph 70 are denied.

71. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 71 and require strict proof thereof.

72. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 72 and require strict proof thereof.

73. Responding to the allegations in Paragraph 73, these defendants state that the records speak for themselves. The allegations in Paragraph 73 are otherwise denied.

74. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 74 and require strict proof thereof.

75. The allegations contained in Paragraph 75 are denied.

76. The allegations contained in Paragraph 76 are denied.

77. The allegations contained in Paragraph 77 are denied.

78. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 78 and require strict proof thereof.

79. The allegations contained in Paragraph 79 are denied.

80. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 80 and require strict proof thereof.

81. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 81 and require strict proof thereof.

82. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 82 and require strict proof thereof.

83. The allegations contained in Paragraph 83 are denied.

84. Responding to the allegations in Paragraph 84, these defendants state that the records speak for themselves. These defendants deny the plaintiff's characterizations.

85. Responding to the allegations in Paragraph 85, these defendants state that the records speak for themselves. These defendants deny the plaintiff's characterizations.

86. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 86 and require strict proof thereof.

87.     These defendants incorporate their prior responses to this Complaint as found in Paragraphs 1 through 86, and these Defendants expressly deny any factual allegation and or legal conclusions that have not been expressly admitted above.

88.     Responding to the allegations contained in Paragraph 88, these defendants deny the events as alleged by the plaintiff, but admit that these defendants were acting with the scope of their duties and under color of state law while they were employed at Marion Correctional Treatment Center.

89.     The allegations contained in Paragraph 89 are denied.

90.     The allegations contained in Paragraph 90 are denied.

91.     The allegations contained in Paragraph 91 are denied.

92.     The allegations contained in Paragraph 92 are denied.

93.     The allegations contained in Paragraph 93 are denied.

94.     The allegations contained in Paragraph 94 are denied.

95.     These defendants incorporate their prior responses to this Complaint as found in Paragraphs 1 through 94, and these Defendants expressly deny any factual allegation and or legal conclusions that have not been expressly admitted above.

96.     Responding to the allegations contained in Paragraph 96, these defendants deny the events as alleged by the plaintiff, but admit that these defendants were acting with the scope of their duties and under color of state law while they were employed at Marion Correctional Treatment Center.

97.     The allegations contained in Paragraph 97 are denied.

98.     The allegations contained in Paragraph 98 are denied.

99.     The allegations contained in Paragraph 99 are denied.

100.    These defendants incorporate their prior responses to this Complaint as found in Paragraphs 1 through 99, and these Defendants expressly deny any factual allegation and or legal conclusions that have not been expressly admitted above.

101.    Responding to the allegations contained in Paragraph 101, these defendants deny the events as alleged by the plaintiff, but admit that these defendants were acting with the scope of their duties and under color of state law while they were employed at Marion Correctional Treatment Center.

102.    Responding to the allegations in Paragraph 102, these defendants state that the Eighth Amendment speaks for itself.

103.    The allegations contained in Paragraph 103 are denied.

104.    The allegations contained in Paragraph 104 are denied.

105. The allegations contained in Paragraph 105 are denied.

106. The allegations contained in Paragraph 106 are denied.

107. The allegations contained in Paragraph 107 are denied.

108. The allegations contained in Paragraph 108 are denied.

109. The allegations contained in Paragraph 109 are denied.

110. These defendants incorporate their prior responses to this Complaint as found in Paragraphs 1 through 109, and these Defendants expressly deny any factual allegation and or legal conclusions that have not been expressly admitted above.

111. These defendants lack sufficient knowledge to either deny or admit all of the allegations in Paragraph 111 and require strict proof thereof.

112. The allegations contained in Paragraph 112 are denied.

113. The allegations contained in Paragraph 113 are denied.

114. The allegations contained in Paragraphs 114, 114a, 114b, 114c, 114d, and 114e are denied.

115. The allegations contained in Paragraph 115 are denied.

116. The allegations contained in Paragraph 116 are denied.

117. The allegations contained in Paragraph 117 are denied.

118. The allegations contained in Paragraph 118 are denied.

119. The allegations contained in Paragraph 119 are denied.

120. These defendants incorporate their prior responses to this Complaint as found in Paragraphs 1 through 119, and these Defendants expressly deny any factual allegation and or legal conclusions that have not been expressly admitted above.

121. The allegations contained in Paragraph 121 are denied.

122. The allegations contained in Paragraph 122 are denied.

123. The allegations contained in Paragraph 123 are denied.

124. The allegations contained in Paragraphs 124, 124a and 124b are denied.

125. The allegations contained in Paragraph 125 are denied.

126. These defendants incorporate their prior responses to this Complaint as found in Paragraphs 1 through 125, and these Defendants expressly deny any factual allegation and or legal conclusions that have not been expressly admitted above.

127. The allegations contained in Paragraph 127 are denied.

128. The allegations contained in Paragraph 128 are denied.

129. The allegations contained in Paragraph 129 are denied.

130. The allegations contained in Paragraphs 130, 130a and 130b are denied.

131. The allegations contained in Paragraph 131 are denied.

132. These defendants incorporate their prior responses to this Complaint as found in Paragraphs 1 through 131, and these Defendants expressly deny any factual allegation and or legal conclusions that have not been expressly admitted above.

133. The allegations contained in Paragraph 133 are denied.

134. The allegations contained in Paragraph 134 are denied.

135. The allegations contained in Paragraph 135 are denied.

136. The allegations contained in Paragraphs 136, 136a, and 136b are denied.

137. The allegations contained in Paragraph 137 are denied.

138. These defendants incorporate their prior responses to this Complaint as found in Paragraphs 1 through 137, and these Defendants expressly deny any factual allegation and or legal conclusions that have not been expressly admitted above.

139. The allegations contained in Paragraph 139 are denied.

140. The allegations contained in Paragraph 140 are denied.

141. The allegations contained in Paragraph 141 are denied.

142. The allegations contained in Paragraph 142 are denied.

143. The allegations contained in Paragraph 143, 143a, and 143b are denied.

144. The allegations contained in Paragraph 144 are denied.

145. The allegations contained in Paragraph 145 require no answer.

146. All allegations not specifically admitted are denied.

147. These defendants deny being liable to the plaintiff in the amount sued for or in any amount.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

148. The actions of these Defendants were done within the scope of their employment and they are entitled to qualified immunity.

### SECOND DEFENSE

149.    The decedent has not been deprived of any right, privilege, or immunity secured to him by the Constitution of the United States or any Act of Congress.

## THIRD DEFENSE

150.    The plaintiff has failed to state a claim against Defendants Plummer, Jackson and Montgomery as the allegations against them, although untrue, would be de minimis as pleaded.

## FOURTH DEFENSE

151.    The injury or death of the decedent was not the actual or proximate cause of any actions or inactions of any of these Defendants.

## FIFTH DEFENSE

152.    None of these Defendants breached any legal duties owed to the decedent.

## SIXTH DEFENSE

153.    These defendants reserve the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

WHEREFORE, the Amended Complaint should be dismissed and these defendants awarded their costs.

              ANTHONY RAYMOND KELLY
              GREGORY SCOTT PLUMMER
              JOSHUA RAY JACKSON
              WILLIAM ZACHARY MONTGOMERY

              By Counsel

Cameron S. Bell
 VSB No. 47685
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
cbell@pennstuart.com

Timothy W. McAfee
Virginia State Bar Number: 21779
McAfee Law Firm, PLLC
P.O. Box 610
408 Wood Avenue
Big Stone Gap, VA 24219
Telephone: (276) 523-5300
Fax: (540) 301-5777
E-mail: tim@mcafee-law.com

By /s/ Cameron S. Bell
   Cameron S. Bell
   Counsel for Defendants Kelly, Plummer, Jackson and Montgomery

## CERTIFICATE OF SERVICE

 I certify that on January 26, 2024, I filed this pleading using the CM/ECF system, which provides a copy to counsel of record.

           /s/ Cameron S. Bell
            Cameron S. Bell