IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

KYMBERLY HOBBS, ADMINISTRATOR                                PLAINTIFF
OF THE ESTATE OF CHARLES JAMES GIVENS,
DECEASED

v.    CASE NO. 1:23-CV-3

ANTHONY RAYMOND KELLY, *et al,*                                      DEFENDANTS

## **ANSWER TO AMENDED COMPLAINT**

COMES NOW, the Defendant Samuel Dale Osborne, by and through counsel, and files the following as his answer to the Amended Complaint filed by the Plaintiff in the above referenced matter:

1. The allegations contained in paragraph 1 of the Amended Complaint are denied.

2. The allegations contained in paragraph 2 of the Amended Complaint are denied.

3. Responding to the allegations in Paragraph 3, this defendant denies that the plaintiff has any valid claims against him, but he does not challenge jurisdiction in this Court.

4. Responding to the allegations in Paragraph 4, this defendant denies that the plaintiff has any valid claims against him, but he does not challenge venue in this Court.

5. Responding to the allegations in Paragraph 5, this defendant denies that the plaintiff has any valid claims against him, but he does not challenge venue in this Court.

6. Defendant Osborne lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 6 and requires strict proof thereof.

1

7. Responding to the allegations contained in Paragraph 7, Defendant Osborne admits that Defendant Kelly was an agent and/or employee of the Virginia Department of Corrections working as a sergeant at the Treatment Center. Defendant Osborne further admits that Defendant Kelly was acting within the scope of his employment and/or agency with VDOC and under the color of state law while working at Marion Correctional Treatment Center. All other allegations contained in Paragraph 7 are denied and requires strict proof thereof.

8. Responding to the allegations contained in Paragraph 8, Defendant Osborne admits that Defendant Plummer was an agent and/or employee of the Virginia Department of Corrections working as a treatment officer at the Treatment Center. Defendant Osborne further admits that Defendant Plummer was acting within the scope of his employment and/or agency with VDOC and under the color of state law while working at Marion Correctional Treatment Center. All other allegations contained in Paragraph 8 are denied and requires strict proof thereof.

9. Responding to the allegations contained in Paragraph 9, Defendant Osborne admits that Defendant Jackson was an agent and/or employee of the Virginia Department of Corrections working as a correctional officer at the Treatment Center. Defendant Osborne further admits that Defendant Jackson was acting within the scope of his employment and/or agency with VDOC and under the color of state law while working at Marion Correctional Treatment Center. All other allegations contained in Paragraph 9 are denied and requires strict proof thereof.

10. Responding to the allegations contained in Paragraph 10, Defendant Osborne admits that Defendant Montgomery was an agent and/or employee of the Virginia Department of

Corrections working as a correctional officer at the Treatment Center. Defendant Osborne further admits that Defendant Montgomery was acting within the scope of his employment and/or agency with VDOC and under the color of state law while working at Marion Correctional Treatment Center. All other allegations contained in Paragraph 10 are denied and requires strict proof thereof.

11. Responding to the allegations contained in Paragraph 11, Defendant Osborne admits that he was an agent and/or employee of the Virginia Department of Corrections working as a correctional officer at the Treatment Center. Defendant Osborne admits that he was acting within the scope of his employment and/or agency with VDOC and under the color of state law. All other allegations contained in Paragraph 11 are denied and requires strict proof thereof.

12. Responding to the allegations contained in Paragraph 12, Defendant Osborne admits that Defendant Poston was an agent and/or employee of the Virginia Department of Corrections working as the Captain at the Treatment Center. Defendant Osborne admits that Poston was acting within the scope of his employment and/or agency with VDOC and under the color of state law. All other allegations contained in Paragraph 12 are denied and requires strict proof thereof.

13. Responding to the allegations contained in Paragraph 13, Defendant Osborne admits that Artrip was an agent and/or employee of the Virginia Department of Corrections working as the Warden at the Treatment Center from April 2019 through February 2022. Defendant Osborne admits that Artrip was acting within the scope of his employment and/or agency with VDOC and under the color of state law. All other allegations contained in Paragraph 13 are denied and requires strict proof thereof.

14. The allegations contained in Paragraph 14 are admitted.

15. The allegations contained in Paragraph 15 are admitted.

16. The allegations contained in Paragraph 16 are admitted.

17. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 17 and require strict proof thereof

18. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 18 and require strict proof thereof.

19. Responding to the allegations in Paragraph 19, this defendant admits that Givens defecated on himself and had health problems. This Defendant lacks sufficient knowledge to either deny or admit the remaining allegations in Paragraph 19 and require strict proof thereof

20. Defendant Osborne lacks sufficient information to admit or deny the allegation contained in paragraph 20 and requires strict proof thereof.

21. The allegations contained in Paragraph 21 are denied.

22. Defendant Osborne lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 22 and requires strict proof thereof.

23. The allegations contained in Paragraphs 23, 23a, 23b, and 23c are denied.

24. The allegations contained in Paragraphs 24, 24a, and 24b are denied.

25. The allegations contained in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26 are denied.

27. This defendant denies that he abused Givens or witnessed anyone else abuse Givens, but otherwise lacks sufficient knowledge to either deny or admit all of the allegations in Paragraphs 27, 27a, 27b and 27c and require strict proof thereof.

28. This defendant denies that he abused Givens or that he witnessed anyone else abuse Givens, but otherwise lacks sufficient knowledge to either deny or admit all of the allegations in Paragraphs 28, 28a, and 28b and require strict proof thereof.

29. This defendant denies that he abused Givens or that he witnessed anyone else abuse Givens, but otherwise lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 29 and require strict proof thereof.

30. This defendant denies that he abused Givens or that he witnessed anyone else abuse Givens, but otherwise lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 30 and require strict proof thereof.

31. This defendant denies that he abused Givens or that he witnessed anyone else abuse Givens, but otherwise lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 31 and require strict proof thereof.

32. This defendant denies that he abused Givens or that he witnessed anyone else abuse Givens, but otherwise lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 32 and require strict proof thereof.

33. This defendant denies that he abused Givens or that he witnessed anyone else abuse Givens, but otherwise lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 33 and require strict proof thereof.

34. This defendant denies that he abused Givens or that he witnessed anyone else abuse Givens, but otherwise lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 34 and require strict proof thereof.

35. This defendant denies that he abused Givens or that he witnessed anyone else abuse Givens, but otherwise lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 35 and require strict proof thereof.

36. The allegations contained in Paragraph 36 are denied.

37. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 37 and require strict proof thereof.

38. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 38 and require strict proof thereof.

39. The allegations in Paragraph 39 are denied.

40. The allegations in Paragraph 40 are denied.

41. The allegations in Paragraph 41 are denied.

42. The allegations in Paragraphs 42, 42a, 42b, 42c, 42d, 42e and 42f are denied.

43. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 43 and require strict proof thereof.

44. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraphs 44, 44a, and 44b and require strict proof thereof.

45. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 45 and require strict proof thereof.

46. The allegations in Paragraph 46 are denied.

47. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 47, 47a, 47b, 47c, and 47d and require strict proof thereof.

48. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 48 and require strict proof thereof.

49. The allegations contained in Paragraph 49 are denied.

50. The allegations contained in Paragraph 50 are denied.

51. The allegations contained in Paragraph 51 are denied.

52. This defendant admits that Givens was escorted to the shower area. The remaining allegations in paragraph 52 are denied.

53. The allegations contained in Paragraph 53 are denied.

54. The allegations contained in Paragraph 54 are denied.

55. Responding to the allegations in Paragraph 55, this defendant admits that there is a video of Mr. Givens being taken to the shower, the video speaks for itself as to what is contained on the video. This defendant lacks sufficient knowledge to either deny or admit the remaining allegations in Paragraph 55 and require strict proof thereof.

56. Responding to the allegations in Paragraph 56, this defendant states that the video speaks for itself. The allegations contained in Paragraph 56 are denied.

57. The allegations contained in Paragraph 57 are denied.

58. The allegations contained in Paragraph 58 are denied.

59. The allegations contained in Paragraph 59 are denied.

60. The allegations contained in Paragraph 60 are denied.

61. The allegations contained in Paragraph 61 are denied.

62. Defendant Osborne admits that he found Inmate Givens unresponsive, the remaining allegations in this paragraph are denied.

63. This defendant states that the video speaks for itself. The allegations contained in paragraph 63 are denied.

64. Responding to the allegations in Paragraph 64, these defendants state that the records speak for themselves. The remaining allegations contained in paragraph 64 are denied.

65. Responding to the allegations in Paragraph 65, this defendant states that records speak for themselves.

66. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 66 and require strict proof thereof.

67. Responding to the allegations in Paragraph 67, this defendant denies that Givens was beaten. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 67 and require strict proof thereof.

68. Responding to the allegations in Paragraph 68, this defendant denies that Givens was beaten. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 68 and require strict proof thereof.

69. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 69 and require strict proof thereof.

70. This Defendant lacks sufficient information to either admit or deny all of the allegations in Paragraph 70 and require strict proof thereof.

71. This Defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 71 and require strict proof thereof.

72. This Defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 72 and require strict proof thereof.

73. Responding to the allegations in Paragraph 73, this defendant states that the records speak for themselves. The allegations in Paragraph 73 are otherwise denied.

74. This Defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 74 and require strict proof thereof.

75. The allegations contained in Paragraph 75 are denied.

76. The allegations contained in Paragraph 76 are denied.

77. The allegations contained in Paragraph 77 are denied.

78. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 78 and require strict proof thereof.

79. The allegations contained in Paragraph 79 are denied.

80. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 80 and require strict proof thereof.

81. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 81 and require strict proof thereof.

82. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 82 and require strict proof thereof.

83. The allegations contained in Paragraph 83 are denied.

84. Responding to the allegations in Paragraph 84, this defendant states that the records speak for themselves. This defendant denies the plaintiff's characterizations.

85. Responding to the allegations in Paragraph 85, this defendant states that the records speak for themselves. This defendant denies the plaintiff's characterizations.

86. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 86 and require strict proof thereof.

87. This defendant incorporates his prior responses to this Amended Complaint as found in Paragraphs 1 through 86, and expressly denies any factual allegation and or legal conclusions that have not been expressly admitted above.

88. Responding to the allegations contained in Paragraph 88, this defendant denies the events as alleged by the plaintiff, but admits that these defendants were acting with the scope of their duties and under color of state law while they were employed at Marion Correctional Treatment Center.

89. The allegations contained in Paragraph 89 are denied.

90. The allegations contained in Paragraph 90 are denied.

91. The allegations contained in Paragraph 91 are denied.

92. The allegations contained in Paragraph 92 are denied.

93. The allegations contained in Paragraph 93 are denied.

94. The allegations contained in Paragraph 94 are denied.

95. This defendant incorporates his prior responses to this Amended Complaint as found in Paragraphs 1 through 94, and expressly denies any factual allegation and or legal conclusions that have not been expressly admitted above.

96. Responding to the allegations contained in Paragraph 96, this defendant denies the events as alleged by the plaintiff, but admits that he was acting within the scope of his duties and under color of state law while he was employed at Marion Correctional Treatment Center.

97. The allegations contained in Paragraph 97 are denied.

98. The allegations contained in Paragraph 98 are denied.

99. The allegations contained in Paragraph 99 are denied.

100. This defendant incorporates his prior responses to this Amended Complaint as found in Paragraphs 1 through 99, and expressly denies any factual allegation and or legal conclusions that have not been expressly admitted above.

101. Responding to the allegations contained in Paragraph 101, this defendant denies the events as alleged by the plaintiff, but admits that these defendants were acting with the scope of their duties and under color of state law while they were employed at Marion Correctional Treatment Center.

102. Responding to the allegations in Paragraph 102, this defendant states that the Eighth Amendment speaks for itself.

103. The allegations contained in Paragraph 103 are denied.

104. The allegations contained in Paragraph 104 are denied.

105. The allegations contained in Paragraph 105 are denied.

106. The allegations contained in Paragraph 106 are denied.

107. The allegations contained in Paragraph 107 are denied.

108. The allegations contained in Paragraph 108 are denied.

109. The allegations contained in Paragraph 109 are denied.

110. This defendant incorporates his prior responses to this Amended Complaint as found in Paragraphs 1 through 109, and expressly denies any factual allegation and or legal conclusions that have not been expressly admitted above.

111. This defendant lacks sufficient knowledge to either deny or admit all of the allegations in Paragraph 111 and require strict proof thereof.

112. The allegations contained in Paragraph 112 are denied.

113. The allegations contained in Paragraph 113 are denied.

114. The allegations contained in Paragraphs 114, 114a, 114b, 114c, 114d, and 114e are denied.

115. The allegations contained in Paragraph 115 are denied.

116. The allegations contained in Paragraph 116 are denied.

117. The allegations contained in Paragraph 117 are denied.

118. The allegations contained in Paragraph 118 are denied.

119. The allegations contained in Paragraph 119 are denied.

120. This defendant incorporates his prior responses to this Amended Complaint as found in Paragraphs 1 through 119, and expressly denies any factual allegation and or legal conclusions that have not been expressly admitted above.

121. The allegations contained in Paragraph 121 are denied.

122. The allegations contained in Paragraph 122 are denied.

123. The allegations contained in Paragraph 123 are denied.

124. The allegations contained in Paragraphs 124, 124a and 124b are denied.

125. The allegations contained in Paragraph 125 are denied.

126. This defendant incorporates his prior responses to this Amended Complaint as found in Paragraphs 1 through 125, and expressly denies any factual allegation and or legal conclusions that have not been expressly admitted above.

127. The allegations contained in Paragraph 127 are denied.

128. The allegations contained in Paragraph 128 are denied.

129. The allegations contained in Paragraph 129 are denied.

130. The allegations contained in Paragraphs 130, 130a and 130b are denied.

131. The allegations contained in Paragraph 131 are denied.

132. This defendant incorporates his prior responses to this Amended Complaint as found in Paragraphs 1 through 131, and expressly denies any factual allegation and or legal conclusions that have not been expressly admitted above.

133. The allegations contained in Paragraph 133 are denied.

134. The allegations contained in Paragraph 134 are denied.

135. The allegations contained in Paragraph 135 are denied.

136. The allegations contained in Paragraphs 136, 136a, and 136b are denied.

137. The allegations contained in Paragraph 137 are denied.

138. This defendant incorporates his prior responses to this Amended Complaint as found in Paragraphs 1 through 137, and expressly denies any factual allegation and or legal conclusions that have not been expressly admitted above.

139. The allegations contained in Paragraph 139 are denied.

140. The allegations contained in Paragraph 140 are denied.

141. The allegations contained in Paragraph 141 are denied.

142. The allegations contained in Paragraph 142 are denied.

143. The allegations contained in Paragraph 143, 143a, and 143b are denied.

144. The allegations contained in Paragraph 144 are denied.

145. The allegations contained in Paragraph 145 require no answer.

146. All allegations not specifically admitted are denied.

147. These defendants deny being liable to the plaintiff in the amount sued for or in any amount.

AFFIRMATIVE DEFENSES

FIRST DEFENSE

148.    The actions of these Defendants were done within the scope of their employment and they are entitled to qualified immunity.

## SECOND DEFENSE

149.    The decedent has not been deprived of any right, privilege, or immunity secured to him by the Constitution of the United States or any Act of Congress.

## THIRD DEFENSE

150.    The injury or death of the decedent was not the actual or proximate cause of any actions or inactions of any of these Defendants.

## FOURTH DEFENSE

151.    Defendant Osborne did not breach any legal duties owed to the decedent.

## SIXTH DEFENSE

152.    Defendant Osborne reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

WHEREFORE, the Amended Complaint should be dismissed and these defendants awarded their costs.

                Respectfully Submitted,
                Samuel Osborne

/s/Jeremy B. O'Quinn/s/_____
Jeremy B. O'Quinn
Virginia State Bar Number: 78891
Attorney for **Samuel Dale Osborne**
The O'Quinn Law Office, PLLC
P.O. Box 2327
532 W. Main Street
Wise, VA 24293
Telephone: (276) 679-2111
Fax: (276) 679-2112
E-mail theoquinnlawoffice@gmail.com

## **CERTIFICATE OF SERVICE**

I, Jeremy B. O'Quinn, do hereby certify that I have electronically filed the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record on **January 28th, 2024**

\_/s/Jeremy B. O'Quinn/s/_____
Jeremy B. O'Quinn
Virginia State Bar Number: 78891
Attorney for **Samuel Dale Osborne**
The O'Quinn Law Office, PLLC
P.O. Box 2327
532 W. Main Street
Wise, VA 24293
Telephone: (276) 679-2111
Fax: (276) 679-2112
E-mail theoquinnlawoffice@gmail.com