IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Abingdon Division

| | |
|---|---|
| KYMBERLY HOBBS, Administrator *etc.*, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:23cv00003 |
| ANTHONY RAYMOND KELLY, *et al.*, | ) |
| Defendants. | ) |

MOTION FOR A PROTECTIVE ORDER BY
DEFENDANTS ARTRIP & POSTON & NON-PARTY VDOC

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants Jeffery Artrip and Travis Poston and non-party the Virginia Department of Corrections (collectively, "Movants") move for entry of an order forbidding discovery into the issues of hypothermia and alleged cold exposure at Marion Correctional Treatment Center. In support of their motion, Movants state:

INTRODUCTION

Mr. Givens did not die from hypothermia or cold exposure. He died from blunt force trauma to the torso. Nonetheless, the amended complaint includes many allegations of hypothermia and cold exposure.[1] An inadequate response to alleged instances of hypothermia or cold exposure, however, is not sufficiently linked to death by blunt force trauma to support a claim for supervisory liability. Accordingly, information about hypothermia or cold exposure is not relevant to a plausible claim. The Court should preclude discovery into these issues.

---

[1] Separately, Defendants are moving to dismiss the complaint to the extent that it seeks to impose liability against Artrip and Poston on the basis of alleged instances of hypothermia and cold exposure.

ALLEGATIONS OF THE COMPLAINT

Plaintiff's deceased, Charles Givens, died on February 5, 2022, as a result of "'blunt force trauma' to his torso and acute rib fractures, resulting in the laceration of his spleen and 'massive associated internal bleeding.'" (ECF 46 ¶¶2, 71, 72). According to the amended complaint, four correctional officers caused this blunt force trauma while a fifth failed to intervene. (ECF 46 ¶¶51-59, 61, Counts I & II). According to Plaintiff, these five defendants failed to provide, delayed, or withheld medical care from Mr. Givens following the alleged assault. (ECF 46 ¶¶62-64, Count III).

Plaintiff also seeks to impose supervisory liability against two new defendants, Artrip and Poston. In support of this claim, Plaintiff alleges several types of prior unconstitutional conduct. According to the amended complaint, "[o]n at least six occasions, Defendant Poston was the supervising officer to COs who assaulted Mr. Givens." (ECF 46 ¶113). Those occasions included trauma to Mr. Givens' head and a laceration above his eye in December 2015, an incident in which Mr. Givens was scalded in the shower in April 2018, and an incident of objects being thrown at Mr. Givens in the shower in December 2018. *Id.* According to the amended complaint, Mr. Givens was subjected to cold-water torture on February 5, 2021; March 13, 2021; October 26, 2021; and December 1, 2021. *Id.* Additionally, according to the complaint, prisoners other than Mr. Givens complained of being assaulted in the shower room. (ECF 46 ¶114).

In addition to alleging assaults on Mr. Givens and other prisoners, the amended complaint seeks to incorporate allegations that Mr. Givens and other prisoners suffered instances of hypothermia. (ECF 46 ¶¶12, 13, 36-38, 40-42, 44, 45, 47, 49, 53, 113).

## DISCOVERY TO DATE

Since May 25, 2023, in response to Plaintiff's subpoenas, non-party VDOC has produced over 11,000 pages of documents, numerous audio and video files, photographs, and emails.[2] It has produced numerous facility investigation reports, Incident Reports, Internal Incident Reports, PREA Reports, and Special Investigative Unit investigation reports. It has produced medical records, personnel records, and multiple kinds of prison logs. The subject matter of the production has included, among other things, the circumstances of Mr. Givens' death, reports and investigations of incidents involving Mr. Givens, complaints and investigations of alleged assaults of other prisoners in the shower rooms at Marion, and instances of hypothermia among Marion residents from January 1, 2019, through the time of Mr. Givens' death. Undersigned estimates that she and VDOC personnel have expended hundreds of hours identifying, collecting, and reviewing documents in response to Plaintiff's subpoenas. Additionally, on August 18, 2023, counsel for the parties inspected Marion firsthand and directed the taking of 152 photographs of the facility.

Aside from the issue raised in this motion, Plaintiff's counsel and undersigned have successfully worked together to identify information sought, discuss potential sources of that information, and limit the scope of discovery.

## ARGUMENT

"The purpose of discovery is to provide a mechanism for making relevant information available to litigants." Fed. R. Civ. P. 26 advisory committee notes, 1983 amendment. "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain

---

[2] Plaintiff's subpoenas, which were issued on April 17, 2023; June 13, 2023, November 21, 2023; and January 18, 2024, are attached, respectively, as **Exhibits 1-4**. The subpoenas are provided to show the breadth of discovery sought to date.

3

discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The "simple fact that requested information is discoverable, [however], does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Under the Rules, "[a] party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). For "good cause," the court may issue an order to protect a party or person by, among other things, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of the disclosure to certain matters." *Id.*

Movants request an order precluding Plaintiff from propounding additional discovery, including deposition interrogation, into the issues of hypothermia and alleged cold exposure at Marion. This discovery does not appear to be relevant to her claims against the five original defendants. Instead, Plaintiff seeks this production to support her supervisory claim against Defendants Artrip and Poston.

Supervisory liability "is premised on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Baynard v. Malone*, 268 F.3d 228, 335 (4th Cir. 2001) (internal quotation marks and citations omitted). A claim for supervisory liability requires a showing that the prior alleged conduct of subordinates was "comparable" to the conduct that caused the injury or harm underlying Plaintiff's claim. *See Danser v. Stansberry*, 772 F.3d 340, 350 (4th Cir. 2014) (observing that "[a] supervisor may be held liable under a tacit authorization

theory if that supervisor fails to take action in response to a known pattern of comparable conduct occurring before the incident at issue took place"). The prior alleged misconduct must be sufficiently connected to the particular constitutional injury suffered by the plaintiff as to show deliberate indifference by the supervisor. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (holding that the causation element of a supervisory claim requires "an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff").

As Defendants argue in support of their motion to dismiss, the amended complaint does not plausibly state a claim based on hypothermia or alleged cold exposure. Accordingly, incidents of hypothermia and alleged cold exposure are not relevant. Even if we assume that Artrip and Poston were aware of instances of hypothermia, inaction in response to those issues does not show deliberate indifference to or tacit authorization of the alleged offensive practices—officers' striking an inmate in violation of VDOC policies and state law—that resulted in Mr. Givens' death. Mr. Givens' death by an alleged criminal assault is not causally linked to incidents of hypothermia or alleged cold exposure.

Moreover, allowing Plaintiff to pursue additional discovery into incidents unrelated or at best loosely related to Mr. Givens' death will unnecessarily multiply these proceedings in which significant discovery has taken place. As the Fourth Circuit has recognized,

> Unfocused evidence of unrelated constitutional violations is simply not relevant to the question of whether a [supervisory defendant] caused the violation of the specific federal rights before the court. Permitting plaintiffs to splatter paint a picture of scattered violations also squanders scarce judicial and [VDOC] time and resources. As a practical matter, a case involving inquiries into various loosely related incidents can be an unruly one to try.

*Carter v. Morris*, 164 F.3d 215, 218-19 (4th Cir. 1999) (affirming dismissal of deliberate indifference claim against municipality based on predicate of unrelated constitutional violations).

5

Here, the specific right before the Court is Mr. Givens' right to be free from a criminal assault while housed at Marion. He did not die from hypothermia or complications attendant to cold exposure. Accordingly, discovery into these issues should not be permitted.

### Certification of Conferral with Plaintiff's Counsel

Pursuant to Rule 26(c)(1), undersigned certifies that she has in good faither conferred with Plaintiff's counsel Mark Krudys in an effort to resolve the dispute without court action.

### Conclusion

For these reasons, the Court should enter an order forbidding discovery into the issues of hypothermia and alleged cold exposure at Marion Correctional Treatment Center. A proposed order is attached as **Exhibit 5**.

Respectfully submitted,

/s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E-mail:  pwallace@oag.state.va.us
*(Counsel for VDOC, Artrip, & Poston)*

### CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel for Plaintiff and Defendants.

s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General