IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Abingdon Division

KYMBERLY HOBBS, Administrator *etc.*,  )
)
      Plaintiff,  )
)
v.  )    Case No. 1:23cv00003
)
ANTHONY RAYMOND KELLY, *et al.*,  )
)
      Defendants.  )

## SUPERVISORY DEFENDANTS' ANSWER
## TO THE AMENDED COMPLAINT (ECF 46)

Pursuant to Federal Rule of Civil Procedure 8, Defendants Jeffery Artrip and Travis Poston (collectively, "Supervisory Defendants") state as their answer and affirmative defenses to the amended complaint of Kymberly Hobbs (ECF 46):

1.    Denied.

2.    Denied.

3.    This paragraph attempts to state conclusions of law; therefore, no response is required. Any factual allegations are denied.

4.    This paragraph attempts to state conclusions of law; therefore, no response is required. Any factual allegations are denied.

5.    This paragraph attempts to state conclusions of law; therefore, no response is required. Any factual allegations are denied.

6.    Supervisory Defendants are without knowledge; therefore, denied.

7.    Supervisory Defendants are without knowledge; therefore, denied.

8.    Supervisory Defendants are without knowledge; therefore, denied.

9. Supervisory Defendants are without knowledge; therefore, denied.

10. Supervisory Defendants are without knowledge; therefore, denied.

11. Supervisory Defendants are without knowledge; therefore, denied.

12. Defendant Poston admits that he was an employee of VDOC and worked at Marion Correctional Treatment Center. Otherwise, denied.

13. Defendant Artrip admits that he was an employee of VDOC and worked as warden at Marion Correctional Treatment Center from April 25, 2019, until November 10, 2022. Otherwise, denied.

14. Supervisory Defendants admit that Plaintiff collectively refers to them along with the five other Defendants as "the Defendants," and to them as the "Supervisory Defendants." Supervisory Defendants are without knowledge of remaining factual allegations, which are, therefore, denied.

15. Supervisory Defendants are without knowledge; therefore, denied.

16. Admitted.

17. Supervisory Defendants are without knowledge; therefore, denied.

18. Supervisory Defendants are without knowledge; therefore, denied.

19. Supervisory Defendants are without knowledge; therefore, denied.

20. Denied.

21. Denied.

22. Supervisory Defendants are without knowledge; therefore, denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Supervisory Defendants are without knowledge; therefore, denied.

32. Supervisory Defendants are without knowledge; therefore, denied.

33. Supervisory Defendants are without knowledge; therefore, denied.

34. Supervisory Defendants are without knowledge; therefore, denied.

35. Denied.

36. Denied.

37. Supervisory Defendants are without knowledge; therefore, denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Supervisory Defendants are without knowledge of the allegations of the first seven sentences of this Paragraph; therefore, denied. Otherwise, denied.

44. Supervisory Defendants are without knowledge of the allegations of the first paragraph and subparagraph a of this Paragraph; therefore, denied. Otherwise, denied.

45. Supervisory Defendants are without knowledge; therefore, denied.

46. Denied.

47. Supervisory Defendants are without knowledge of the allegations of the first paragraph and subparagraphs a-c of this Paragraph; therefore, denied. Otherwise, denied.

48. Supervisory Defendants are without knowledge; therefore, denied.

49. Denied.

50. Denied.

51. Denied.

52. Supervisory Defendants are without knowledge; therefore, denied.

53. Denied.

54. Denied.

55. Supervisory Defendants are without knowledge; therefore, denied.

56. Supervisory Defendants are without knowledge; therefore, denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Supervisory Defendants are without knowledge; therefore, denied.

63. Supervisory Defendants are without knowledge; therefore, denied.

64. Supervisory Defendants are without knowledge; therefore, denied.

65. Supervisory Defendants are without knowledge; therefore, denied.

66. Denied.

67. Supervisory Defendants are without knowledge; therefore, denied.

68. Supervisory Defendants are without knowledge; therefore, denied.

69. Supervisory Defendants are without knowledge; therefore, denied.

70. Denied.

71. Supervisory Defendants are without knowledge; therefore, denied.

72. Supervisory Defendants are without knowledge; therefore, denied.

73. Supervisory Defendants are without knowledge; therefore, denied.

74. Supervisory Defendants are without knowledge; therefore, denied.

75. Denied.

76. Supervisory Defendants are without knowledge; therefore, denied.

77. Supervisory Defendants deny that Cadre 1 identified them "as the five officers who escorted Mr. Givens to the shower." Otherwise, Supervisory Defendants are without knowledge; therefore, denied.

78. Supervisory Defendants are without knowledge; therefore, denied.

79. Denied.

80. Supervisory Defendants are without knowledge; therefore, denied.

81. Supervisory Defendants are without knowledge; therefore, denied.

82. Supervisory Defendants are without knowledge; therefore, denied.

83. Supervisory Defendants are without knowledge; therefore, denied.

84. Supervisory Defendants deny that they wrote any "written reports" referenced in this Paragraph. Otherwise, Supervisory Defendants are without knowledge; therefore, denied.

85. Supervisory Defendants deny making any statement referenced in this Paragraph. Otherwise, Supervisory Defendants are without knowledge; therefore, denied.

86. Supervisory Defendants are without knowledge; therefore, denied.

87. Supervisory Defendants incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Supervisory Defendants incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Supervisory Defendants incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Supervisory Defendants incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Supervisory Defendants incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Supervisory Defendants incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Supervisory Defendants incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Supervisory Defendants incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Supervisory Defendants admit that Plaintiff has demanded a trial by jury. Supervisory Defendants deny that either is liable to Plaintiff, and they deny that she is entitled to relief.

## AFFIRMATIVE DEFENSES

Supervisory Defendants state the following affirmative defenses to the amended complaint, reserving the right to raise any such other defenses that may arise from Plaintiff's prosecution of this action and their continued investigation:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Under the Eleventh Amendment and upon the discharge of their official duties, Supervisory Defendants are immune from suit.

3. Qualified immunity bars the claims against Supervisory Defendants.

4. Plaintiff has impermissibly lumped together all defendants such that Supervisory Defendants do not have fair notice of the basis of the claims against them, in violation of the Due Process Clause of the Fourteenth Amendment.

5. Sovereign immunity protects Supervisory Defendants from liability against any claim of simple negligence.

6. Plaintiff's deceased was not subjected to conditions unrelated to a legitimate penological interest.

7. Plaintiff's claims are barred by the deceased's contributory negligence.

8. Plaintiff's claims are barred by contributory negligence of a beneficiary.

9. To the extent that Plaintiff has suffered any injury or damages, such injuries or damages were due to an act or omission by Plaintiff's decedent.

10. To the extent that Plaintiff has suffered any injury or damages, such injuries or damages were due to an act or omission or on the part of third parties not under the control of Supervisory Defendants and for whose conduct Supervisory Defendants are in no way responsible.

11. Any harm, damages, or injuries incurred by Plaintiff are the result of superseding, intervening causes, themselves sufficient to break any chain of causation.

Respectfully submitted,

/s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E-mail: pwallace@oag.state.va.us
*(Counsel for Defendants Artrip & Poston)*

CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel for Plaintiff and Defendants.

s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General