IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
**Abingdon Division**

| | |
|---|---|
| KYMBERLY HOBBS, etc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY RAYMOND )<br>KELLY, et al., )<br>)<br>Defendants. )<br>/ | **MEMORANDUM ORDER**<br>No.  1:23cv00003-JPJ-PMS |

This matter is before the court on the Motion For A Protective Order By Defendants Artrip & Poston & Non-Party VDOC, (Docket Item No. 53) ("Motion"). The Motion seeks an order of the court forbidding discovery into the issues of hypothermia and alleged cold exposure at Marion Correctional Treatment Center, ("MCTC"). Based on the arguments and representations contained in the Motion, the plaintiff's response and the reply, and for the reasons set out below, the Motion is **DENIED**.

Plaintiff's decedent, Charles Givens, ("Givens"), an inmate held at MCTC, died on February 5, 2022, as a result of "blunt force trauma" to his torso and acute rib fractures, resulting in the laceration of his spleen and massive associated internal bleeding. The administrator of his estate, Kymberly Hobbs, brings this action seeking damages under 42 U.S.C. § 1983, based on violations of Givens's rights under the Eighth Amendment to be free from cruel and unusual punishment, and under Virginia state law for battery, conspiracy and negligence. The Amended Complaint alleges that defendants Correctional Sergeant Anthony R. Kelly,

("Kelly"), and Correctional Officers Gregory S. Plummer, ("Plummer"), Joshua C. Jackson, ("Jackson"), and William Z. Montgomery, ("Montgomery"), used excessive force against Givens, causing him physical injuries and severe mental anguish. The Amended Complaint also alleges that defendants Travis S. Poston, ("Poston"), and Jeffery Artrip, ("Artrip"), were deliberately indifferent to the risk posed to Givens by the actions of Kelly, Plummer, Jackson and Montgomery.

In particular, the Amended Complaint alleges that Kelly, Plummer, Jackson and Montgomery assaulted Givens on February 5, 2022. The Amended Complaint alleges that, during this assault, Jackson and Montgomery poured or threw cold water on Givens. The Amended Complaint alleges that Poston and Artrip were deliberately indifferent to the risk posed to Givens, in that the correctional officers regularly subjected Givens and other MCTC inmates to frigid showers during cold weather months. The Amended Complaint further alleges that correctional officers, during cold weather months, pushed open windows and lowered the temperature in the building housing Givens. The Amended Complaint alleges that Givens, as well as other inmates, were hospitalized multiple times for hypothermia. It states that Givens was hospitalized for hypothermia on at least six occasions, with the last such hospitalization occurring just days before his death. The Amended Complaint further alleges that these hospitalizations would have been known by the supervising defendants, Poston and Artrip.

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Furthermore, "the party or person resisting discovery, … bears the burden of persuasion." *Kinetic Concepts, Inc., v. ConvaTec Inc.,* 268 F.R.D. 226, 243 (M.D. N.C. 2010). "Where a prima facie showing of discoverability has been made by the party seeking discovery, 'the burden shifts … to the resisting party to show "lack of

relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery."'" *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) (quoting *Desrosiers v. MAG Indus. Automation Sys., LLC*, 675 F. Supp. 2d 598, 601 (D. Md. 2009) (internal citations omitted)).

Here, the subpoenas at issue seek documents from the VDOC concerning occasions on which Givens was transported to a local hospital to be treated for hypothermia and/or "cold exposure," Incident Reports concerning MCTC inmates who became hypothermic following a shower in an MCTC shower room and any MCTC inmate being diagnosed with and/or treated for cold exposure and/or hypothermia from January 1, 2018, to March 31, 2023. The movants seek a protective order preventing discovery on the issues of hypothermia or cold exposure because, they argue, Givens died of blunt force trauma, not hypothermia or cold exposure. The movants' argument construes the claims in the Amended Complaint too narrowly. The court construes the Amended Complaint as seeking damages not only for the alleged abuse that caused Givens's death, but also for the alleged abuse he endured prior to his death, which included allegations of his exposure to cold water and/or cold conditions causing hypothermia. Furthermore, the Amended Complaint alleges that the incidents of Givens's exposure to cold water and/or cold conditions causing hypothermia were known to Poston and Artrip, and, therefore are evidence that they were aware of and deliberately indifferent to the danger posed to Givens by Kelly, Plummer, Jackson and Montgomery. While the defendants Artrip and Poston have moved to dismiss any claim for supervisory liability based on hypothermia or alleged cold exposure, such dismissal would not prevent the use of

3

these incidents as evidence of the alleged danger posed to Givens by Kelly, Plummer, Jackson and Montgomery.

    For these reasons, the Motion is **DENIED**.

    **ENTERED:**    April 11, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE