CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
September 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **KYMBERLY HOBBS, ADMINISTRATOR OF THE ESTATE OF CHARLES JAMES GIVENS, DECEASED,** | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:23CV00003 |
| v. | ) **OPINION AND ORDER** |
| **ANTHONY RAYMOND KELLY, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Danny Zemel,* THE KRUDYS LAW FIRM, PLC, *Richmond, Virginia, for Plaintiff; D. Patricia Wallace, Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Defendants Jeffrey Artrip and Travis S. Poston.*

The plaintiff seeks damages for the death of her deceased brother, who died while incarcerated in a Virginia state prison. Certain of the defendants have filed a joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that under the facts alleged in the Amended Complaint, liability for the excessive force claimed does not apply to the supervisors at issue here. For the following reasons, I will deny the Motion to Dismiss.

I.

At this point in the case, I must accept as true the well-pleaded facts set forth in the Amended Complaint. Givens was a disabled 52-year-old man who had suffered a traumatic brain injury as a child. He was incarcerated at the Marion Correctional Treatment Center. While he was incarcerated, Givens received disturbing abuse from correctional officers. Defendant Artrip was the Warden of the Marion Correctional Treatment Center and defendant Poston was a Captain who supervised the correctional officers who were involved in the incident central to this case.

In 2021, Givens was brought to the hospital at least four times for cold exposure or hypothermia. On February 5, 2022, Givens was escorted to the shower by five officers. Normally, only one or two officers would accompany Givens to the shower. Givens expressed that he did not want to go to the shower but was taken there anyway. At some point, Givens accidentally defecated on himself. After that defecation, offices abused him by snapping a wet towel on him, dumping cold water on him, and punching him in the torso. According to a fellow inmate, Givens requested to be taken to the medical ward. His request was denied and he died due to internal bleeding. The autopsy report indicated bruising on his arms and legs.

At issue here is whether supervisory liability may be imposed upon defendants Artrip and Poston. Warden Artrip and Captain Poston argue that the plaintiff has

failed to show that they acted with deliberate indifference and that even so, there is no causal link between such alleged inaction regarding hypothermia and Givens' fatal injuries from being beaten.

The motion has been fully briefed and is ripe for decision.

II.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The reviewing court must accept all factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To survive a motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

III.

To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated by a "person acting under

color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Supervisory liability can be established by pleading that the supervising officer (1) "had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury"; (2) responded so inadequately "as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'" and (3) that an "affirmative causal link" between the inaction and injury existed.  *Shaw ex rel. Bowen v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).  For supervisory liability to attach, the prior alleged pattern of conduct of subordinates must be "comparable" to the conduct at issue in the current case.  *Danser v. Stansberry*, 772 F.3d 340, 350 (4th Cir. 2014) (noting that there was no evidence of "alleged defects in the assignment process for the recreation cages or of a pattern of officers leaving the recreation area unattended").

The Amended Complaint alleges that Artrip and Poston had been informed of prior cold-water torture of Givens, Am. Compl. ¶ 113, ECF No. 46, which were disregarded.  The failure to discipline for such abuses qualifies as deliberate indifference.  *Booker v. City of Lynchburg*, No. 6:20-CV-11, 2020 WL 8513807, at *3 (W.D. Va. Nov. 12, 2020).

The defendants argue that death resulting from a beating (which allegedly occurred simultaneously with the cold-water torture) is sufficiently different from the prior alleged pattern of abuse so that they cannot be held responsible.  Under

*Danser*, the standard for supervisory liability does not question whether a supervisor permitted the same conduct to continue, but rather "comparable" conduct. 772 F.3d at 350.

Although the conduct at issue may differ from prior conduct in its specifics, it is of course, similar in that both are similar types of violations relate to excessive force. The failure to discipline officers for past similar abuse establishes a causal link between the prior conduct and present conduct that may constitute tacit endorsement to correctional officers generally, even if the officers may not have been the abusing officers in each of the prior incidents. Supervisors may not avoid liability for the failure to discipline abusive conduct simply by swapping out abusive officers and allowing such conduct to continue.

Accordingly, I find that at the motion to dismiss stage, the plaintiff has sufficiently pleaded facts to support supervisory liability.

III.

Considering the foregoing, the Motion to Dismiss, ECF No. 54, is DENIED.

ENTER: September 18, 2024

/s/ JAMES P. JONES
Senior United States District Judge