# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF VIRGINIA
### Abingdon Division

KYMBERLY HOBBS,
ADMINISTRATOR OF THE ESTATE OF
CHARLES JAMES GIVENS,
DECEASED,

       Plaintiff,

v.                                                     Civil Action No. 1:23-CV-00003

ANTHONY RAYMOND KELLY, *et al.*,

       Defendants.

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

       Pursuant to the Court's Trial Order, ECF 170, Plaintiff Kymberly Hobbs, Administrator of the Estate of Charles James Givens, Deceased, by counsel, submits the following proposed jury instructions and proposed verdict form.

                                       Respectfully submitted,

                                       KIMBERLY HOBBS, ADMINISTRATOR OF THE
                                       ESTATE OF CHARLES JAMES GIVENS,
                                       DECEASED

                                By:    /s/ Mark J. Krudys_____
                                       Counsel

Mark J. Krudys (VSB# 30718)
Danny Zemel (VSB# 95073)
THE KRUDYS LAW FIRM, PLC
919 E. Main Street, Suite 2020
Richmond, VA  23219
Phone: (804) 774-7950
Fax: (804) 381-4458
Email: mkrudys@krudys.com; dzemel@krudys.com

C. Paul Stanley, III (VSB No. 36789)
C. PAUL STANLEY ATTORNEY AT LAW
390 West Spring Street
Wytheville, VA 24382
Phone: (276) 228-4003
Fax: (276) 276-228-2984
Email: cpst3d@gmail.com

*Counsel for Plaintiff Kymberly Hobbs, Administrator of the Estate of Charles James Givens, Deceased*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing all counsel of record.

            /s/ Mark J. Krudys
          Mark J. Krudys (VSB# 30718)
          THE KRUDYS LAW FIRM, PLC
          919 East Main Street, Suite 2020
          Richmond, Virginia 23219
          804.774.7950 Phone
          804.381.4458 Fax
          dzemel@krudys.com
          *Counsel for Plaintiff*

# INSTRUCTION NO. P.1
(Testimony of Law Enforcement Officer)

You are required to evaluate the testimony of a law enforcement officer as you would the testimony of any other witnesses. No special weight may be given to an officer's testimony because the officer is a law enforcement officer.

Kevin F. O'Malley, et al., 3 Federal Jury Practice and Instruction § 103.36 (6th ed.)
Excessive Force

**INSTRUCTION NO. P.2**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Kevin F. O'Malley, et al., 3 Federal Jury Practice and Instruction § 104.20 (6th ed.)

## INSTRUCTION NO. P.3
(Negligence)

If two or more persons are negligent, and if the negligence of each is a proximate cause of the plaintiff's injury, then each is liable to the plaintiff for his injury. This is true even if the negligence of one is greater than the negligence of the other.

Virginia Model Jury Instructions No. 4.020

# INSTRUCTION NO. P.4
(Cruel and Unusual Punishment)

In order to prove plaintiff was subjected to cruel and unusual punishment, the burden is on the plaintiff to establish by a preponderance of the evidence in the case all of the following:

In order to prove a violation under the Eighth Amendment, plaintiff must show Defendants Kelly, Plummer, Jackson, and Montgomery unnecessarily and wantonly inflicted pain on the plaintiff's decedent, Mr. Givens. Whether a use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

In order to prove a violation under the Eighth Amendment, plaintiff must prove all of the following elements by a preponderance of the evidence:

First: Defendants Kelly, Plummer, Jackson, and/or Montgomery used force against Mr. Givens maliciously and sadistically, for the very purpose of causing Mr. Givens harm;

Second: Mr. Givens suffered some harm as a result of the use of force by Defendants Kelly, Plummer, Jackson, and/or Montgomery; and

Third: Defendants Kelly, Plummer, Jackson, and Montgomery were acting under color of state law. If plaintiff fails to prove either of these elements as to any of the defendants, you must find for that defendant.

The first element is to be evaluated by a subjective analysis of Defendants Kelly, Plummer, Jackson, and Montgomery and their state of mind at the time. In deciding whether this element has been proved, at you must give MCTC officials wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether Defendants Kelly, Plummer, Jackson, and Montgomery unnecessarily and wantonly inflicted pain on Mr. Givens include:

1. The extent of the injury suffered.
2. The need for the application of force.
3. The relationship between the need and the amount of force used.
4. The threat reasonably perceived by the responsible officials, and
5. Any efforts made to temper the severity of a forceful response.

3B Fed. Jury Prac. & Instr. § 166:23 (6th ed.)

# INSTRUCTION NO. P.5
(Failure to Intervene)

To show that Plaintiff's decedent, Mr. Givens', Eighth Amendment rights were violated because MCTC officials failed to intervene to protect him from attack, Plaintiff must prove Defendant Osborne exhibited deliberate indifference to a serious risk of harm faced by Mr. Givens. Accordingly, Plaintiff must prove all of the following elements by a preponderance of the evidence:

First: Mr. Givens faced a serious risk to his health and safety;

Second: Defendant Osborne was aware of that serious risk to Mr. Givens' health and safety;

Third: Defendant Osborne had a reasonable opportunity to act and failed to do so;

Fourth: Mr. Givens was injured as a result of Defendant Osborne's deliberate indifference to the serious risk to his health and safety; and

Fifth: Defendant Osborne was acting under color of state law.


*Raynor v. Pugh*, 817 F.3d 123 (4th Cir. 2016).

# INSTRUCTION NO. P.6
(Medical Care)

To show that plaintiff's decedent, Mr. Givens', Eighth Amendment rights were violated because he received inadequate medical care, plaintiff must prove Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne exhibited deliberate indifference to Mr. Givens' serious medical needs. Accordingly, plaintiff must prove all of the following elements by a preponderance of the evidence:

First: Mr. Givens had a serious illness or injury that was serious;

Second: Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne were aware of Mr. Givens' serious need for medical care;

Third: Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne, with deliberate indifference to the illness or injury of Mr. Givens, failed to direct that medical care be provided;

Fourth: Mr. Givens injured as a result of Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne's deliberate indifference to his serious medical needs; and

Fifth: Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne were acting under color of state law.

If plaintiff fails to prove any of these elements as to any of the defendants, you must find for that defendant.

The first element is to be examined objectively, focusing on the specific illness or injury and the reasonably foreseeable consequences to Mr. Givens of a deprivation of care or inadequate care. That is, would a reasonable person acting under the same circumstances foresee that the conduct of the defendant MCTC officials would cause the harm plaintiff claims?

The second element is to be evaluated by a subjective analysis of Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne and their state of mind.

3B Fed. Jury Prac. & Instr. § 166:21 (6th ed.)

**INSTRUCTION NO. P.7**
(Punitive Damages)

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff and against any defendant and if you find the conduct of that defendant as submitted in Instructions 4, 5, or 6 was recklessly and callously indifferent to the rights and well-being of Mr. Givens, in addition to any other damages to which you find the plaintiff is entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish defendant or deter defendant and others from like conduct in the future. Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.

You may assess punitive damages against any or all of the defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendant MCTC officials may be the same or they may be different.

While you may consider evidence of actual harm to nonparties as part of your determination of reprehensibility, you may not use it to punish a defendant for injury the defendant may have inflicted upon nonparties or those whom they directly represent.

3B Fed. Jury Prac. & Instr. § 166:62 (6th ed.)

**INSTRUCTION NO. P.8**
(Standard of Proof)

The greater weight of all the evidence is sometimes called the preponderance of the evidence. It is that evidence which you find more persuasive, when evaluated against all of the evidence that has been admitted in the case. The testimony of one witness whom you believe can be the greater weight of the evidence.

Virginia Model Jury Instructions No. 3.100.

**INSTRUCTION NO. P.9**
(Proximate Cause)

A proximate cause of an accident, injury, or damage is a cause that, in natural and continuous sequence, produces the accident, injury, or damage. It is a cause without which the accident, injury, or damage would not have occurred.

Virginia Model Jury Instructions No. 5.000.

**INSTRUCTION NO. P.10**
(Battery)

     A battery is an intentional and unwanted touching of another without justification, excuse, or the consent of the other.

Virginia Model Jury Instructions No. 36.000.

**INSTRUCTION NO. P.11**
(Battery)

You shall find your verdict for the plaintiff if she proved by the greater weight of the evidence that: (1) Defendants Kelly, Plummer, Jackson, and/or Montgomery intentionally touched the plaintiff's decedent, Mr. Givens; and (2) the touching was unwanted; and (3) the touching was without justification, excuse, or Mr. Givens' consent. You shall find your verdict for any defendant if the plaintiff failed to prove one or more of the above elements as to that defendant.

Virginia Model Jury Instructions No. 36.070.

## INSTRUCTION NO. P.12
(Common Law Conspiracy)

A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means.

You shall find your verdict for the plaintiff if she proved by the greater weight of the evidence that Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne acted in a concerted manner to use excessive force on, and commit a battery against, Mr. Givens. And that Mr. Givens suffered harm as a result. You shall find your verdict for any defendant if the plaintiff failed to prove one or more of the above elements as to that defendant.

*Werth v. Fire Cos' Adjustment Bureau, Inc.*, 160 Va. 845, 855 (1933).

**INSTRUCTION NO. P.13**
(Gross Negligence)

"Gross negligence" is that degree of negligence which shows such indifference to others as constitutes an utter disregard of caution amounting to a complete neglect of the safety of another person. It is such negligence as would shock fair-minded people, although it is something less than willful recklessness.

Virginia Model Jury Instructions No. 4.030.

## INSTRUCTION NO. P.14
(Gross Negligence)

You shall find your verdict for the Plaintiff and against Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne, if the Plaintiff has proved by the greater weight of the evidence that: Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne were grossly negligent: and that Defendant Kelly, Plummer, Jackson, Montgomery, and Osborne's gross negligence was a proximate cause of Charles Givens' death. You shall find your verdict for any defendant if the plaintiff failed to prove one or more of the above elements as to that defendant.

Virginia Model Jury Instructions No. 3.060 and 4.030.

# INSTRUCTION NO. P.15
(Willful and Wanton Negligence)

"Willful and wanton conduct" is acting consciously in disregard of another person's rights or acting with a reckless indifference to the consequences to another person when the defendant is aware of his conduct and is also aware, from his knowledge of existing circumstances and conditions, that his conduct would probably result in injury to another.

Virginia Model Jury Instructions No. 4.040

# INSTRUCTION NO. P.16
(Willful and Wanton Negligence)

You shall find your verdict for the Plaintiff and against Defendants Kelly, Plummer, Jackson, Montgomery, and/or Osborne, if the Plaintiff has proved by the greater weight of the evidence that: Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne were willfully and wantonly negligent: and that Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne's willful and wanton negligence was a proximate cause of Charles Givens' death. You shall find your verdict for any defendant if the plaintiff failed to prove one or more of the above elements as to that defendant.

Virginia Model Jury Instructions No. 3.060 and 4.040.

# INSTRUCTION NO. P.17
(Punitive Damages)

If you find that the plaintiff is entitled to be compensated for her damages, and if you further believe by the greater weight of the evidence that Defendant Kelly, Plummer, Jackson, Montgomery, and/or Osborne acted with actual malice toward the plaintiff's decedent, Mr. Givens, or acted under circumstances amounting to a willful and wanton disregard of Mr. Givens' rights, then you may also award punitive damages to the plaintiff to punish Defendants Kelly, Plummer, Jackson, Montgomery, and/or Osborne for their actions and to serve as an example to deter them and others from acting in a similar way.

If you award punitive damages against any defendant, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages and against which defendants.

Virginia Model Jury Instruction No. 9.080.