*Hobbs v. Kelly, et al.*

## DEFENDANT KELLY, JACKSON, PLUMMER, AND MONTGOMERY'S PROPOSED JURY INSTRUCTIONS

### Jury Instruction No. _____

### Role of Jury

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

*Model Civil Jury Instructions 1.1*

**Jury Instruction No. _____**

Conduct of Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as X], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, Instagram, LinkedIn, and YouTube].

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

[Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because

special rules will govern their attendance.  You may not discuss any aspect of this trial

with the visitor, nor may you permit the visitor to discuss it with you.]


*Model Civil Jury Instructions 1.3*

**Jury Instruction No. _____**

Bench Conferences

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Model Civil Jury Instructions 1.4*

## Jury Instruction No. _____

### Duty to Follow Instructions

Members of the Jury: You have now heard all the evidence in the case, as well as the arguments of the attorneys. Your job as jurors, to decide the facts of this case, is about to begin. In deciding the facts of this case, you must base your verdict solely on the evidence presented to you over the course of the trial. You must perform this function without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

Neither in these instructions, nor in any ruling, action, or remark that I have made during the course of this trial have I intended to give you any opinion or suggestion as to what your verdict should be. During this trial, I have occasionally asked questions of witnesses in order to bring out facts not then fully covered in testimony. Do not assume that I hold any opinion on the matter to which my questions related.

It is my job to decide what rules of law apply to this case and instruct you on those rules. I've explained some of these rules to you during the course of the trial, and I will explain other rules to you now. This is my job, and not the job of the parties. While the plaintiff and counsel for the defendants may have commented during the trial

6

on some of these rules, you are to be guided only by what I say about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others. You may not single out one rule alone as stating the law, but you are to consider the instructions as a whole. Even if you disagree or don't understand the reasons for some of the rules, you are bound to follow them.

*Western District of Virginia Case #7:19cv00360 and 7:20-cv-00060* previously approved by this Court.

**Jury Instruction No. \_\_\_\_\_**

Burden of Proof- Preponderance of the Evidence

Because this is a civil case and Ms. Hobbs is the party who brought the lawsuit, Ms. Hobbs has the burden of proving her claims by the greater weight of the evidence, also known as a preponderance of the evidence.   If Ms. Hobbs fails to establish any element of a claim against a defendant by a preponderance of the evidence, your verdict must be for the defendant.

To prove something by a preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so, than not so.  The weight does not necessarily depend upon the number of witnesses who testify.  The testimony of one witness whom you believe can be the greater weight of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

*Western District of Virginia Case #7:19cv00360 and 7:17cv00464* previously approved by this Court.

8

## Jury Instruction No. _____

### Evidence Defined

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things admitted as exhibits, or such matters as the court may instruct you to find.

The following statements and utterances made during this trial are not evidence and should not be considered by you:

• Statements, arguments, questions and comments by lawyers or by a party when the party is not testifying under oath.

• Objections are not evidence. Parties have a right to object if they believe something is improper. You should not be influenced by an objection. If I sustained an objection to a question, you must ignore the question and must not attempt to guess at what the answer might have been.

• Testimony that the court has excluded or told you to disregard must not be considered.

• Anything you saw or heard about this case outside of the courtroom is not evidence.

The evidence in the case consists of the testimony of the witnesses, as we have discussed, and any and all exhibits which have been received into evidence, and all facts which have been either admitted or stipulated.

9

*Model Civil Jury Instructions 1.5*

## Jury Instruction No. _____

### Evidence—Direct and Circumstantial, Inferences

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. The other is circumstantial evidence. Circumstantial evidence is indirect evidence. That is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts that have been established by the evidence in this case.

*Model Civil Jury Instruction 1.6*

11

## Jury Instruction No. _____

### Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

*Model Civil Jury Instructions* 1.7

## Jury Instruction No. _____

### Credibility of Witnesses

As you have heard, much of the evidence in this case has consisted of the testimony from witnesses. You are the sole judges of the credibility of the witnesses and the weight of the evidence. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In determining the credibility of any given witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that the witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. It is up to you to determine

the credibility, if any, to be given the testimony of a witness who has made prior

inconsistent or contradictory statements.

*Western District of Virginia Case # 7:17cv00464 and 7:20cv00060* previously approved by
this Court.

## Jury Instruction No. _____

### Impeachment of Witnesses

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

If a witness at trial has been confronted with a prior statement which that witness made and that was unsworn – that is, not under oath – and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court.

If the witness made the prior inconsistent statement under oath and subject to cross examination, or if it was made at a deposition, then you may also treat the prior statement as evidence in this case. That is, you may treat what was said in that prior sworn testimony as true.

Again, in considering any prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important factor or an unimportant detail.

*Western District of Virginia Case # 7:17cv00464 and 7:20cv00060* previously approved by this Court.

## Jury Instruction No. _____

Witnesses with felony convictions

The fact that a witness has previously been convicted of a felony is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to the witness's testimony.

*Western District of Virginia Case # 7:20cv00060* previously approved by this Court.

**Jury Instruction No. _____**

No need to call all witnesses

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and thing mentioned in the evidence in this case.

*Western District of Virginia Case # 7:17cv00464* previously approved by this Court.

17

**Jury Instruction No. _____**

Expert Witness Opinions

You have heard testimony containing opinions from multiple experts. In weighing this opinion testimony, you may consider their qualifications, the reasons for their opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of these expert witnesses should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of the expert witnesses, you may consider any bias that they may have, including any bias that may arise from evidence that they have been or will be paid for reviewing the case and testifying in this case.

*Model Civil Jury Instructions 2.11*

## Jury Instruction No. _____

Unless otherwise stated, you should consider each instruction given to apply separately and individually to the plaintiff and to each defendant in this case.

Although there are five defendants, it does not follow from that fact alone that if one is liable, the others are liable. Each defendant is entitled to a fair consideration of his or her own defense, and he or she is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant.

I also instruct you that each defendant is responsible only for his own conduct. That is, a defendant's own individual actions must have violated the law. A state correctional official cannot be held liable merely because another official violated an individual's rights.

*Western District of Virginia Case # 7:19cv00360* previously approved by this Court.

**Jury Instruction No. _____**

Section 1983

The plaintiff filed this lawsuit under 42 U.S.C. § 1983, a civil rights statute that provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. The plaintiff contends that the defendants, while acting under color of state law, subjected Mr. Givens to cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

Prison walls do not form a barrier separating prison inmates from the protections of the Constitution. Every inmate has the right under the Eighth Amendment to serve his term of imprisonment without enduring cruel and unusual punishment at the hands of prison officials. This right is violated if prison officials subject an inmate to excessive force or act with deliberate indifference to hazardous or inhumane conditions of confinement.

*Western District of Virginia Case # 7:20cv00060* previously approved by this Court.

20

**Jury Instruction No. _____**
Eighth Amendment Excessive Force Overview

In this case, the plaintiff has alleged that Defendants Mr. Kelly, Mr. Plummer, Mr. Jackson and Mr. Montgomery, used excessive force against Mr. Givens in violation of the Eighth Amendment. To prevail on an excessive force claim against a defendant under Section 1983, a plaintiff must prove each of the following elements by a preponderance of the evidence:

FIRST:    That the defendant acted under color of state law;

SECOND:    That, while acting under color of state law, the defendant used force against the plaintiff maliciously and sadistically for the very purpose of causing the plaintiff harm; AND

THIRD:    That the nature of the force applied was more than trivial.

If you find that plaintiff has proven each of these elements by a preponderance of the evidence against a defendant, then you must find in favor of the plaintiff against that defendant.

If you find that the plaintiff has failed to prove any of these elements by a preponderance of the evidence against a defendant, then you must find in favor of that defendant.

*Western District of Virginia Case # 7:20cv00060* previously approved by this Court.

**Jury Instruction No. _____**

The first element of the plaintiff's excessive force claim is that the conduct complained of was committed by a defendant while acting under color of state law. This element is not at issue in this case. In other words, I instruct you that you must find that the defendants were acting under color of state law for purposes of Section 1983.

*Western District of Virginia Case # 7:20cv00060* previously approved by this Court.

**Jury Instruction No. _____**
Eighth Amendment – Subjective Element of Force Claim

The second element of the plaintiff's excessive force claim is to be evaluated by a subjective analysis of the defendant's state of mind. Only the unnecessary and wanton infliction of pain rises to the level of an Eighth Amendment violation. Accordingly, to prove that the defendant subjected him to cruel and unusual punishment, the plaintiff must establish that the defendant acted with a sufficiently culpable state of mind. This requires proof that the defendant acted maliciously and sadistically for the very purpose of causing the plaintiff harm. To act "maliciously" means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury, or under circumstances that show an evil intent. To act "sadistically" means to engage in extreme or excessive cruelty or to delight in cruelty.

Whether a use of force against an inmate was excessive depends on whether the force was applied in a good-faith effort to maintain or restore discipline, or whether it was done maliciously and sadistically for the very purpose of causing harm. To make this determination, you should consider such factors as:

(1)    the need for the application of force;
(2)    the relationship between the need and the amount of force that was used;
(3)    the extent of the injury inflicted;
(4)    the threat to the safety of staff and inmates, as reasonably perceived by the responsible prison official on the basis of facts known to him; and
(5)    any efforts made to temper the severity of the forceful response.

*Western District of Virginia Case # 7:20cv00060* previously approved by this Court.

**Jury Instruction No. _____**

Eighth Amendment – Objective Element of Force Claim

The second element of the plaintiff's section 1983 claim concerns the level or nature of the force used. This element is to be evaluated by an objective analysis of the force applied. Not every use of force is sufficiently serious to violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment.

I tell you that the plaintiff must prove that the nature or amount of force used by the defendant was more than trivial. In deciding whether the defendant's use of force was more than trivial, you should consider all of the facts and circumstances, including the nature and the extent of any resulting injuries.

*Western District of Virginia Case* # 7:17cv00464 previously approved by this Court.

**Jury Instruction No. \_\_\_\_\_**

The problems that arise in the day-to-day operation of a prison are not subject to easy solutions. In deciding whether the defendant applied force maliciously and sadistically, the court reminds you that you must give prison officials wide-ranging deference in the adoption and execution of policies and practices that, in their judgment, are needed to preserve internal order and discipline and to maintain institutional security.

*Western District of Virginia Case* # 7:20cv00060 previously approved by this Court.

**Jury Instruction No. _____**

Eighth Amendment Force – Reasonableness

With respect to claims of excessive force, every prisoner has a right to be

free from abuse. On the other hand, not every push or shove, even if it later seems

unnecessary, will give rise to a constitutional violation; and an officer always has

the right, and the duty to use such reasonable force as is necessary under the

circumstances to maintain order and assure compliance with prison regulations.

The reasonableness of a particular use of force must be judged from the

perspective of a reasonable officer on the scene, rather than with the 20/20 vision

of hindsight. The calculus of reasonableness must allow for the fact that

correctional officers are often forced to make split-second judgments—in

circumstances that are tense, uncertain, and rapidly evolving—about the amount

of force that is necessary in a particular situation. Whether or not any force was

used was excessive is an issue for you to decide on the basis of that degree of

force, if any, that a reasonable and prudent corrections officer would have applied

in the same circumstances disclosed in this case.

As I stated, the reasonableness of the defendant's actions must be gauged

against the reasonableness of that defendant's perceptions at the time the events

occurred, not against what may later be found to have actually taken place.

If you believe that a defendant reasonably believed the actions he took to

be necessary for the safety, security, and/or efficacy of the institution, and that

the defendant had no deliberate intent to inflict pain upon the plaintiff, then you

cannot find the defendant liable for the plaintiff's excessive force claims.


*Western District of Virginia Case* # 7:17cv00464 previously approved by this Court.

**Jury Instruction No. \_\_\_\_\_**

Eighth Amendment -- Medical Treatment

Because inmates must rely on prison authorities to treat their serious medical needs, the government has an obligation to provide necessary medical care to them. In this case, the plaintiff claims that Defendants, Mr. Kelly, Mr. Plummer, Mr. Jackson, and Mr. Montgomery violated Mr. Givens's Eighth Amendment by showing deliberate indifference to Mr. Givens's serious medical need. Specifically, that defendants failed to provide access to medical care, to include medical treatment, in response to an obvious, serious medical need.

In order to establish his claim for violation of the Eighth Amendment, the plaintiff must prove each of the following three things by a preponderance of the evidence:

First:  Mr. Givens had a serious medical need.

Second:  Mr. Kelly, Mr. Plummer, Mr. Jackson, Mr. Osborne and Mr. Montgomery were deliberately indifferent to that serious medical need.

Third:  Mr. Kelly, Mr. Plummer, Mr. Jackson, Mr. Osborne and Mr. Montgomery's deliberate indifference cause harm to Mr. Givens.

I will now proceed to give you more details on the first and second of these three requirements.

29

First, the plaintiff must show that Mr. Givens had a serious medical need. A medical need is serious, for example, when the problem is so obvious that non-doctors would easily recognize the need for medical attention; or when denying or delaying medical care causes needless pain and poses a substantial risk of harm to the plaintiff if left untreated.

Secondly, the plaintiff must show that Mr. Kelly, Mr. Plummer, Mr. Jackson, Mr. Osborne and Mr. Montgomery were deliberately indifferent to that serious medical need. The plaintiff must show that defendants knew of an excessive risk to Mr. Givens's health, and they disregarded that risk by failing to take reasonable measure to address it.

*Western District of Virginia Case # 7:17cv00464* previously approved by this Court.

## Jury Instruction No. \_\_\_\_\_

A defendant is not liable for deliberate indifference if he believed that the risk of harm to Mr. Givens was insubstantial or nonexistent. Rather, the plaintiff must establish that the defendant actually perceived, and then consciously disregarded, a substantial risk of serious harm to the plaintiff.

To be liable for deliberate indifference, the conduct of a defendant must involve more than an ordinary lack of due care for an inmate's health or safety. In other words, mere negligence is insufficient to establish deliberate indifference. On the other hand, the plaintiff is not required to prove that a defendant had an actual purposeful intent to cause harm. Instead, the plaintiff must prove that a defendant actually knew of and disregarded a substantial risk of serious injury.

Additionally, a defendant is not liable under the deliberate indifference standard if he responded reasonably to a perceived risk of harm, even if the harm ultimately was not averted.

*Western District of Virginia Case # 7:20cv00060* previously approved by this Court.

**Jury Instruction No. \_\_\_\_\_**

Deliberate Indifference – Third Element

The third element of the plaintiff's deliberate indifference claim requires that the plaintiff prove, by a preponderance of the evidence, that the defendant's deliberate indifference proximately caused Mr. Given's injury.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

*Western District of Virginia Case # 7:20cv00060* previously approved by this Court.

## Jury Instruction No. _____

The Plaintiff has alleged that Defendant Osborne violated the Eighth Amendment because he knew that Mr. Givens' Eighth Amendment Rights were being violated by the remaining Defendants, that Mr. Osborne had a reasonable opportunity to intervene, and still failed to act. This is known as "bystander" liability. Bystander liability is based upon a Defendant's failure to act, under circumstances where the defendant has an affirmative duty to intervene to protect the constitutional rights of another.

To prevail on a bystander claim against Defendant Osborne under Section 1983, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

First:          That Mr. Givens' constitutional rights were being violated by a third party;

Second:    That Defendant Osborne had actual knowledge that Mr. Givens constitutional rights were being violated;

Third:      That Defendant Osborne had a reasonable opportunity to prevent the harm to Mr. Givens;

Fourth:      That Defendant Osborne, despite knowing of the ongoing constitutional violation and having a reasonable opportunity to prevent the harm, deliberately chose not to act; AND

Fifth:    That Defendant Osborne's failure to intervene proximately caused the Plaintiff to suffer harm.

If you find that the Plaintiff has failed to prove any of these elements by a preponderance of the evidence, you must find in favor of Defendant Osborne.

If you find that the Plaintiff has proven each of these elements by a preponderance of the evidence you must find in favor of the Plaintiff.

*Western District of Virginia Case #7:22-cv-244* previously approved by this Court.

Jury Instruction No. _____

Assault and Battery

The plaintiff also asserts claims of assault and battery under state law against Mr. Kelly, Mr. Plummer, Mr. Jackson and Mr. Montgomery.

To prevail on a claim of assault, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First:  That the defendant intentionally threatened Mr. Givens by taking some act that put him in reasonable fear of imminent physical injury; and

Second:  That the threat was without justification.

In considering these elements, you are instructed that a correctional officer is entitled to use a threat of force as he rightly perceives is reasonable to carry out his lawful duty to maintain prison security.

If you find that the plaintiff has proven each of these elements by a preponderance of the evidence against a defendant, then you must find in favor of the plaintiff against that defendant.

If you find that the plaintiff has failed to prove any of these elements by a preponderance of the evidence against a defendant then you must find in favor of that defendant.

*Western District of Virginia Case #7:19cv00360* previously approved by this Court.

35

## Jury Instruction No. _____

### Claim of Battery

To prevail on a claim of battery, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First:  That the defendant intentionally touched Mr. Givens

Second:  That the touching was unwanted; and

Third:  That the touching was without justification.

In considering these elements, you are instructed that a correctional officer is entitled to use such force as he rightly perceives is reasonable to carry out his lawful duty to maintain prison security.

If you find that the plaintiff has proven each of these elements by a preponderance of the evidence against a defendant, then you must find in favor of the plaintiff against that defendant.

If you find that the plaintiff has failed to prove any of these elements by a preponderance of the evidence against a defendant then you must find in favor of that defendant.

*Western District of Virginia Case #7:19cv00360* previously approved by this Court.

**Jury Instruction No. _____**

Conspiracy - Issues

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

First: Did defendants Mr. Kelly, Mr. Plummer, Mr. Jackson, Mr. Osborne and Mr. Montgomery act in concert, agree, associate, mutually undertake or combine together;

Second: Did they intentionally, purposefully, and without lawful justification injure Mr. Givens and cover it up; and

Third: Did the plaintiff suffer damages as a result of the acts of these defendants?

Fourth: If the plaintiff is entitled to recover, what is the amount of plaintiff's damages?

On these issues, the plaintiff has the burden of proof. Your decisions on these issues must be governed by the instructions that follow.

Virginia Model Jury Instructions 40.300

**Jury Instruction No. _____**

Conspiracy – Finding Instruction

You shall find your verdict for the plaintiff if the plaintiff has proven by clear and convincing evidence:

First:  That defendants Mr. Kelly, Mr. Plummer, Mr. Jackson, Mr. Osborne and Mr. Montgomery acted in concert, agreed, associated, mutually undertook or combined together;

Second:  That they intentionally, purposefully, and without lawful justification injured the plaintiff and covered it up; and

Third:  That plaintiff suffered damages as a result of these acts.

You shall find your verdict for the defendant if the plaintiff failed to prove any one or more of these elements.

Virginia Model Jury Instruction 40.350

## Jury Instruction No. _____

### Gross Negligence

"Negligence" is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case.

"Gross negligence" is that degree of negligence which shows such indifference to others as constitutes an utter disregard of caution amounting to a complete neglect of the safety of another person. It is such negligence as would shock fair-minded people, although it is something less than willful recklessness.

Because the standard for gross negligence in Virginia is one of indifference or inadequacy, a claim for gross negligence fails as a matter of law when the evidence shows that defendant exercised some degree of care. If you find that Defendant Osborne exercised some degree of care, you must find for Defendant Osborne.

Virginia Model Jury Instructions No. 4.000 and 4.030.

*Elliot v. Canter,* 292 Va. 613, 622, 791 S.E.2d 730, 732 (2016).

**Jury Instruction No._____**

Gross Negligence

You shall find your verdict for the Plaintiff and against Defendant Osborne, if the Plaintiff has proved by the greater weight of the evidence that: Defendant Osborne was grossly negligent: and that Defendant Osborne's gross negligence was a proximate cause of Charles Givens' death. You shall find your verdict for Defendant Osborne if the plaintiff failed to prove one or more of the above elements as to that defendant.

Virginia Model Jury Instructions No. 3.060 and 4.030.

**Jury Instruction No. _____**

Willful and Wanton Negligence

"Negligence" is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case.

"Willful and wanton conduct" is acting consciously in disregard of another person's rights or acting with a reckless indifference to the consequences to another person when the defendant is aware of his conduct and is also aware, from his knowledge of existing circumstances and conditions, that his conduct would probably result in injury to another.

Virginia Model Jury Instructions No. 4.000 and 4.040

**Jury Instruction No. _____**

Willful and Wanton Negligence

You shall find your verdict for the Plaintiff and against Defendant Osborne, if the Plaintiff has proved by the greater weight of the evidence that: Defendant Osborne was willfully and wantonly negligent: and that Defendant Osborne's willful and wanton negligence was a proximate cause of Charles Givens' death. You shall find your verdict for Defendant Osborne if the plaintiff failed to prove one or more of the above elements as to that defendant.

Virginia Model Jury Instructions No. 3.060 and 4.040.

**Jury Instruction No. _____**

Proximate Cause

A proximate cause of a death is a cause that, in natural and continuous sequence,

produces the death.  It is cause without which the death would not have occurred.

Virginia Model Jury Instruction 5.000

**Jury Instruction No. _____**

Contributory Negligence

Contributory negligence is the failure to act as a reasonable person would have acted for his own safety under the circumstances of this case.

If you find from the greater weight of the evidence that both Mr. Givens and Mr. Osborne were negligent and that their negligence proximately contributed to the accident, you may not compare the negligence of the parties.  Any negligence of Mr. Givens which was the proximate cause of the accident will bar the Plaintiff from recovering.


Virginia Model Jury Instructions No. 6.000 and 6.050.

## Jury Instruction No. _____

### Compensatory and Nominal Damages

If you find that one or more of the defendants is liable to the plaintiff, you must determine his damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for the deprivation of civil rights proximately caused by Mr. Kelly, Mr. Plummer, Mr. Jackson, Mr. Osborne or Mr. Montgomery.  Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

When considering the element of damages, you should consider Mr. Givens's physical or emotional pain and mental anguish, as well as punitive damages as explained later in these instructions, only to the extent you find them proven by a preponderance of the evidence, and no others.

In assessing the amount of damages to be awarded, you must not consider or award damages based upon any perception you may have of the abstract value or importance of the constitutional right involved.  If you find for the plaintiff, but you find that the plaintiff has failed to prove actual damages, you may return an award of nominal damages not to exceed one dollar. The mere fact that a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

*Western District of Virginia Case* #7:17cv00464 previously approved by this Court.

**Jury Instruction No. _____**

Effect of Instructions as to Damages

I will now instruct you on the law of damages. You should not consider the fact that I am instructing you about the measure of damages as suggesting any view of mine as to which party should receive your verdict on the first question of liability. Instructions about damages are given for your guidance, in the event you should find in favor of the plaintiff.

You are instructed that the question of damages is entirely separate and different from the question of liability. You should not consider the question of whether or not the plaintiff was damaged until you have first considered and decided the question of whether or not Mr. Kelly, Mr. Plummer, Mr. Jackson, Mr. Osborne or Mr. Montgomery violated Mr. Givens rights and is liable to him.

*Western District of Virginia Case* #7:17cv00464 previously approved by this Court.

## Jury Instruction No. _____

Damages:  Death by Wrongful Act

If you find your verdict for the plaintiff that the defendants caused the wrongful

death of Mr. Givens, then in determining the damages to which the plaintiff is entitled,

you shall include, but are not limited to, any of the following which you believe by the

greater weight of the evidence were suffered by the beneficiaries and caused by the

defendants:

(1)    Any sorrow, mental anguish, and loss of solace suffered by the

beneficiaries.  Solace may include society, companionship, comfort, guidance, kindly

offices, and advice of the decedent;

(2)    Any reasonably expected loss in income of the decedent suffered by the

beneficiaries;

(3)    Any reasonably expected loss of services, protection, care, and assistance

which the decedent provided to the beneficiaries;

(4)    Any expenses for the care, treatment, and hospitalization of the decedent

incident to the injury resulting in his death; and

(5)    Reasonable funeral expenses.

If you award damages under paragraphs (1), (2), (3) above, you may distribute

these damages to Kymberly Hobbs, Administrator of the Estate of James Givens.

If you award damages under (4) and (5) above, you shall specifically state the amount of damages for each.

Virginia Model Jury Instruction 9.100 (modified)

**Jury Instruction No. _____**

Punitive Damages

If you have awarded the plaintiff either compensatory damages, the law permits the jury, under certain circumstances, to award the plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights brought about by extraordinary misconduct, and to serve as an example or warning to others to not engage in such conduct.

If you should find, from a preponderance of the evidence, that the conduct of one or more of the defendants was maliciously, wantonly, or oppressively done, then you may, if in the exercise of discretion you unanimously choose to do so, award such amount as you shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accomplished by ill will, spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

50

An act or failure to act is oppressively done if done in a way or manner that injures, damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, bias, or prejudice with respect to any party to the case. In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiff. The conduct of each defendant must be considered separately, and any award of punitive damages must be determined against each defendant.

*Western District of Virginia Case #7:20cv00060* previously approved by this Court.

**Jury Instruction No. _____**

Closing Arguments

In a few moments, I will finish these instructions and then the parties will have the opportunity to present their closing arguments. Then, it will be time for you to retire to the jury room to begin your deliberations. I will instruct you after closing arguments as to how you should conduct those deliberations. For now, I would ask each of you to give your attention to the parties as they give their closing arguments. After the closing arguments, we will give you one official verdict form before you begin your deliberations.

I have given you your instructions as to the law, and we are ready for the closing arguments.

As I have instructed you, this is a civil action and the burden is on the plaintiff in a civil action to prove the case by a preponderance of the evidence, by the greater weight of the evidence.

Since the burden of proof is on the plaintiff, under our legal system, the plaintiff will have the right to open and close the arguments. So, you will first listen to plaintiff's counsel, then you will listen to counsel for the defendants, and then since the burden of proof is on the plaintiff, he will have the right to present the final closing argument.

As I told you at the very beginning of this trial and again in instructing you

on the law, neither the opening statements nor the closing arguments are evidence in the case, and must not be considered by you as such. The closing arguments will be made now to assist you in evaluating the evidence and applying the law. Plaintiff's counsel, you may now give your closing argument.

*Western District of Virginia Case* #7:17cv00464 previously approved by this Court.

**Jury Instruction No. _____**

Duty to Deliberate – Verdict Forms

You have now heard closing arguments and you will soon return to the jury room to deliberate. There are certain rules you must follow in conducting your deliberations and in returning your verdict.

First, when you go to the jury room, you will select one person to act as your foreperson. The foreperson will preside over your discussions and will be your spokesperson here in court.

Second, it is your duty as jurors to discuss this case with one another in the jury room. You should try to reach agreement without sacrificing your individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will always first disclose to the attorneys your question and my response

before I answer your question. I will respond as soon as possible either in writing or by having you return to the courtroom so that I can address you personally. You should not tell anyone—including me or the court security officer—how your vote stands numerically, and any notes should not indicate how your vote stands numerically.

Fourth, during your deliberations, you must not communicate with anyone else outside of the jury about the case. You must not use any electronic device, including cell phones, the Internet, blogs, websites, other methods to communicate about the case or conduct any research.

Fifth, your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict must be unanimous, meaning you must all agree. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide. If you wish to have any or all of the exhibits sent to you in the jury room, you should advise the court security officer.

Finally, a verdict form has been prepared for your responses, as you will see. A verdict form is simply a written notice of a decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise

the court security officer that you are ready to return to the courtroom. I tell you that

in answering the questions and inquiries on the verdict form, it is necessary

that each of you agree as to the response.  Your verdict as to each question must

be unanimous.

Once again, when you enter your jury room, your first responsibility will be

to elect a foreperson.  You will then begin your deliberations.  Once you begin

your deliberations, you should not have contact with any person other than the

court security officer.

If you recess during your deliberations, follow all of the instructions that

the court has given you about your conduct during the trial.

I will ask the court security officer to return the jury to the jury room, but

do not start your deliberations yet. I have a few things to go over with the parties.

When the court security officer delivers a copy of the Verdict Form to you, you

may take that as your signal to begin your deliberations.


*Western District of Virginia Case* #7:17cv00464 previously approved by this Court.