CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
March 28, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **KYMBERLY HOBBS, ADMINISTRATOR OF THE ESTATE OF CHARLES JAMES GIVENS, DECEASED**, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:23CV00003 |
| v. | ) **ORDER** |
| **ANTHONY RAYMOND KELLY, ET AL.**, | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

In advance of trial, the defendants have filed motions in limine, ECF Nos. 178 and 180, which have been orally argued.[1] "Pretrial rulings on motions in limine and other evidentiary issues are generally conditional and a motion to reconsider may be made based upon events at trial or other changed circumstances." *United States v. Hall*, No. 1:21CR00024, 2022 WL 501388, at *1 (W.D. Va. Feb. 18, 2022). The rulings of the court are as follows.

1. <u>Evidence Related to Polygraphs.</u>  Evidence or argument related to inmate Ronald West taking a polygraph, his polygraph results, or the defendants not taking polygraph tests will be excluded. There will be no mention before the jury of a polygraph test and counsel is directed to instruct any witness of the court's ruling.

---

[1] Defendant Samuel Osborne joined the grounds of the motion in limine filed by defendants Kelly, Jackson, Plummer, and Montgomery. Osborne Mot. Lim., ECF No. 180.

2. <u>Agreements Between the Parties.</u>  There are several issues raised by the defendants for which the plaintiff has agreed not to introduce evidence. These include the following issues:  (1) not introducing evidence related to the defendants spanking their children; (2) Givens' autopsy and death scene photograph redactions; (3) not offering the grand jury testimony of non-defendants in the plaintiff's case-in-chief; (4) not asserting that Givens had welts on his back; and (5) plaintiff's expert witnesses refraining from using the word "torture."  Accordingly, the parties are directed to comply with their agreements.

3. <u>Prior Consistent Statements.</u>  The defense also objects to the introduction of testimony by Edwin Catron, Debbie Douglas, and Special Agent Heath Seagle on the grounds that they do not have personal knowledge regarding this case and their testimony would be hearsay.  The plaintiff responds that she will seek to introduce that testimony to show prior consistent statements of the witness West.

Under Rule 801, a declarant-witness' prior statement is not hearsay when the statement is consistent with the declarant's testimony, the declarant is subject to cross-examination, and the statement is offered:

> (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
>
> (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground.

Fed. R. Evid. 801(d)(1)(B)(i), (ii).  Prior consistent statements "may be brought before the factfinder only if they properly rehabilitate a witness whose credibility has been attacked."  Fed. R. Evid. 801(d) advisory committee's note to 2014 amendments.  These statements may not be used for "impermissible bolstering," and the trial court also "has ample discretion to exclude prior consistent statements that are cumulative accounts of an event."  *Id.*  However, if the statements are admissible, then they "may be testified to by either the witness himself or any other person with personal knowledge of the statement."  6 Handbook of Fed. Evid. § 801:12 (9th ed.).  If testimony is attacked as a fabrication or made under improper influence or motive, a prior consistent statement may be introduced only if the statement was made before the improper influence or motive originated.  *Tome v. United States*, 513 U.S. 150, 156 (1995).

As this point, I find that introduction of prior consistent statements of witness West may be admissible provided that the evidence presented meets the requirements set forth above.

4. <u>Other Evidence.</u>  The defendants also argue that the plaintiff should not be permitted to introduce testimony or other evidence related to: (1) an alleged "cover up" or "code of silence" on the defendants' part; (2) Givens being left in only his boxer shorts on February 5, 2022; (3) a suggestion that Givens was repeatedly taken to the shower at night; and (4) West being placed in protective custody following

Givens' death.  I will deny the motions in limine on these points on the ground that such evidence is likely relevant to the plaintiff's causes of action.

    5.  <u>Evidence of Prior Abuse of Givens or Others.</u>  The defendants move to exclude any evidence or argument as to "prior incidents involving Givens or those at [the prison] that did not involve these defendants." Mem. Supp. Mot. Lim. 14, ECF No. 179.  On the present record, I cannot exclude all such evidence as requested by the defendants.  It may be, for example, that the location of the alleged attack by the defendants on Givens — in the showers — can be connected to other alleged incidents of prison staff violence.[2]  On the other hand, unrelated incidents of abuse of other inmates must be excluded.

As to prior incidents involving injury to Givens from staff other than the defendants, I will not exclude such evidence because it may support the plaintiff's contention that Givens was a target of staff abuse because of his particular mental and physical deficiencies, including his frequent inability to control his bowel movements.  In addition, I do not find that such evidence would unfairly prejudice the defendants.

---

[2]  In granting summary judgment in favor of the prison warden, I discussed the evidence of other inmate shower incidents and determined that such evidence did not support supervisory liability because the resulting investigations supported the proposition that the warden did not have actual or constructive knowledge of and was not deliberately indifferent to improper force by staff.  However, I did not determine that staff was not in fact to blame for each incident.

6. <u>Conclusion.</u>  It is accordingly **ORDERED** that the motions in limine, ECF Nos. 178 and 180, are GRANTED in part and DENIED in part.

ENTER: March 28, 2025

/s/  JAMES P. JONES
Senior United States District Judge