# INSTRUCTION NO. _1_

Members of the Jury: You have now heard all the evidence in the case, as well as the arguments of the attorneys. Your job as jurors, to decide the facts of this case, is about to begin. In deciding the facts of this case, you must base your verdict solely on the evidence presented to you over the course of the trial. You must perform this function without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

Neither in these instructions, nor in any ruling, action, or remark that I have made during the course of this trial have I intended to give you any opinion or suggestion as to what your verdict should be. During this trial, I have occasionally asked questions of witnesses in order to bring out facts not then fully covered in testimony. Do not assume that I hold any opinion on the matter to which my questions related.

It is my job to decide what rules of law apply to this case and instruct you on those rules. I've explained some of these rules to you during the course of the trial, and I will explain other rules to you now. This is my job, and not the job of the

parties.   While the plaintiff and counsel for the defendants may have commented during the trial on some of these rules, you are to be guided only by what I say about them.   You must follow all the rules as I explain them to you.   You may not follow some and ignore others.   You may not single out one rule alone as stating the law, but you are to consider the instructions as a whole.   Even if you disagree or don't understand the reasons for some of the rules, you are bound to follow them.

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ABINGDON, VA
FILED

APR 1 0 2025

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

# INSTRUCTION NO. 2

Because this is a civil case and Ms. Hobbs is the party who brought the lawsuit, Ms. Hobbs has the burden of proving her claims by the greater weight of the evidence, also known as a preponderance of the evidence.   If Ms. Hobbs fails to establish any element of a claim against a defendant by a preponderance of the evidence, your verdict must be for the defendant.

To prove something by a preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so, than not so.  The weight does not necessarily depend upon the number of witnesses who testify.  The testimony of one witness whom you believe can be the greater weight of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

**INSTRUCTION NO. 3**

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things admitted as exhibits, or such matters as the court may instruct you to find.

The following statements and utterances made during this trial are not evidence and should not be considered by you:

• Statements, arguments, questions and comments by lawyers or by a party when the party is not testifying under oath.

• Objections are not evidence. Parties have a right to object if they believe something is improper. You should not be influenced by an objection. If I sustained an objection to a question, you must ignore the question and must not attempt to guess at what the answer might have been.

• Testimony that the court has excluded or told you to disregard must not be considered.

• Anything you saw or heard about this case outside of the courtroom is not evidence.

The evidence in the case consists of the testimony of the witnesses, as we have discussed, and any and all exhibits which have been received into evidence, and all facts which have been either admitted or stipulated.

# INSTRUCTION NO. 4

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. The other is circumstantial evidence. Circumstantial evidence is indirect evidence. That is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts that have been established by the evidence in this case.

# INSTRUCTION NO. ___

As you have heard, much of the evidence in this case has consisted of the testimony from witnesses. You are the sole judges of the credibility of the witnesses and the weight of the evidence. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In determining the credibility of any given witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that the witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. It is up to you to

determine the credibility, if any, to be given the testimony of a witness who has made

prior inconsistent or contradictory statements.

## INSTRUCTION NO. _6_

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## INSTRUCTION NO. *7*

The greater weight of all the evidence is sometimes called the preponderance of the evidence. It is that evidence which you find more persuasive, when evaluated against all of the evidence that has been admitted in the case. The testimony of one witness whom you believe can be the greater weight of the evidence.

# INSTRUCTION NO. _8_

You have heard testimony containing opinions from multiple experts. In weighing this opinion testimony, you may consider their qualifications, the reasons for their opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of these expert witnesses should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of the expert witnesses, you may consider any bias that they may have, including any bias that may arise from evidence that they have been or will be paid for reviewing the case and testifying in this case.

# INSTRUCTION NO. 9

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and thing mentioned in the evidence in this case.

**INSTRUCTION NO. _10_**

The fact that a witness has previously been convicted of a felony is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to the witness's testimony.

# INSTRUCTION NO. 10A

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

If a witness at trial has been confronted with a prior statement which that witness made and that was unsworn – that is, not under oath – and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court.

If the witness made the prior inconsistent statement under oath and subject to cross examination, or if it was made at a deposition, then you may also treat the prior statement as evidence in this case. That is, you may treat what was said in that prior sworn testimony as true.

Again, in considering any prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important factor or an unimportant detail.

## INSTRUCTION NO. _11_

In order to prove that Mr. Givens was subjected to cruel and unusual punishment, the burden is on the plaintiff to establish by a preponderance of the evidence in the case all of the following.

In order to prove a violation under the Eighth Amendment, plaintiff must show Defendants Kelly, Plummer, Jackson, and/or Montgomery unnecessarily and wantonly inflicted pain on the plaintiff's decedent, Mr. Givens. Whether a use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

In order to prove a violation under the Eighth Amendment, plaintiff must prove all of the following elements by a preponderance of the evidence:

First: Defendants Kelly, Plummer, Jackson, and/or Montgomery used force against Mr. Givens maliciously and sadistically, for the very purpose of causing Mr. Givens harm;

Second: Mr. Givens died as a result of the use of force by Defendants Kelly, Plummer, Jackson, and/or Montgomery; and

Third: Defendants Kelly, Plummer, Jackson, and Montgomery were acting under color of state law. If plaintiff fails to prove either of these elements as to any of the defendants, you must find for that defendant.

The first element is to be evaluated by a subjective analysis of Defendants Kelly, Plummer, Jackson, and Montgomery and their state of mind at the time. In deciding whether this element has been proved, at you must give MCTC officials wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether Defendants Kelly, Plummer, Jackson, and Montgomery unnecessarily and wantonly inflicted pain on Mr. Givens include:

1. The extent of the injury suffered.

2. The need for the application of force.

3. The relationship between the need and the amount of force used.

4. The threat reasonably perceived by the responsible officials, and

5. Any efforts made to temper the severity of a forceful response.

## INSTRUCTION NO. *12*

To show that plaintiff's decedent, Mr. Givens', Eighth Amendment rights were violated because he received inadequate medical care, plaintiff must prove Defendants Kelly, Plummer, Jackson, Montgomery, and/or Osborne exhibited deliberate indifference to Mr. Givens' serious medical needs. Accordingly, plaintiff must prove all of the following elements by a preponderance of the evidence:

First: Mr. Givens had a serious injury;

Second: Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne were aware of Mr. Givens' serious need for medical care;

Third: Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne, with deliberate indifference to the illness or injury of Mr. Givens, failed to obtain medical care;

Fourth: Mr. Givens died as a result of Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne's deliberate indifference to his serious medical needs; and

Fifth: Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne were acting under color of state law. The parties agree that they acted under color of state law.

If plaintiff fails to prove any of these elements as to any of the defendants, you must find for that defendant.

The first element is to be examined objectively, focusing on the specific illness or injury and the reasonably foreseeable consequences to Mr. Givens of a deprivation of care or inadequate care. That is, would a reasonable person acting under the same circumstances foresee that the conduct of the defendant would cause the harm plaintiff claims?

The second element is to be evaluated by a subjective analysis of Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne and their state of mind.

# INSTRUCTION NO. _13_

To show that Plaintiff's decedent, Mr. Givens' Eighth Amendment rights were violated because Samuel Osborne failed to intervene to protect him from attack, Plaintiff must prove Defendant Osborne exhibited deliberate indifference to a serious risk of harm faced by Mr. Givens. Accordingly, Plaintiff must prove all of the following elements by a preponderance of the evidence:

First: Mr. Givens faced a serious risk to his health and safety;

Second: Defendant Osborne was aware of that serious risk to Mr. Givens' health and safety;

Third: Defendant Osborne had a reasonable opportunity to act and failed to do so; and

Fourth: Mr. Givens died as a result of Defendant Osborne's deliberate indifference to the serious risk to his health and safety.

## INSTRUCTION NO. *14*

"Willful and wanton conduct" is acting consciously in disregard of another

person's rights or acting with a reckless indifference to the consequences to another

person when the defendant is aware of his conduct and is also aware, from his

knowledge of existing circumstances and conditions, that his conduct would probably

result in injury to another.

## INSTRUCTION NO. *14 A*

"Gross negligence" is that degree of negligence which shows such indifference to others as constitutes an utter disregard of caution amounting to a complete neglect of the safety of another person. It is such negligence as would shock fair-minded people, although it is something less than willful recklessness.

# INSTRUCTION NO. *15*

A battery is an intentional and unwanted touching of another without justification, excuse, or the consent of the other.

## INSTRUCTION NO. _16_

You shall find your verdict for the plaintiff if she proved by the greater weight of the evidence that: (1) Defendants Kelly, Plummer, Jackson, and/or Montgomery intentionally touched the plaintiff's decedent, Mr. Givens; and (2) the touching was unwanted; (3) the touching was without justification, excuse, or Mr. Givens' consent, and (4) Mr. Givens died as a result. You shall find your verdict for any defendant if the plaintiff failed to prove one or more of the above elements as to that defendant.

**INSTRUCTION NO. 17**

A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means.

You shall find your verdict for the plaintiff if she proved by the greater weight of the evidence that Defendants Kelly, Plummer, Jackson, Montgomery, and Osborne acted in a concerted manner to use excessive force on and conceal such force, and that Mr. Givens died as a result. You shall find your verdict for any defendant if the plaintiff failed to prove one or more of the above elements as to that defendant.

# INSTRUCTION NO. *18*

I will now instruct you on the law of damages. You should not consider the fact that I am instructing you about the measure of damages as suggesting any view of mine as to which party should receive your verdict on the first question of liability. Instructions about damages are given for your guidance, in the event you should find in favor of the plaintiff.

You are instructed that the question of damages is entirely separate and different from the question of liability. You should not consider the question of whether or not the plaintiff was damaged until you have first considered and decided the question of whether or not Mr. Kelly, Mr. Plummer, Mr. Jackson, Mr. Osborne or Mr. Montgomery violated Mr. Givins rights.

# INSTRUction NO. 19

If you find your verdict for the plaintiff that the defendants caused the wrongful

death of Mr. Givens, then in determining the damages to which the plaintiff is entitled,

you shall include, but are not limited to, any of the following which you believe by

the greater weight of the evidence were caused by the defendants:

> Any sorrow, mental anguish, and loss of solace suffered by Kymberly Hobbs
> who is Mr. Givens' sole beneficiary.   Solace may include society,
> companionship, comfort, guidance, kindly offices, advice of the decedent.

# INSTRUCTION NO. 20

You will soon return to the jury room to deliberate. There are certain rules you must follow in conducting your deliberations and in returning your verdict.

First, when you go to the jury room, you will select one person to act as your foreperson. The foreperson will preside over your discussions and will be your spokesperson here in court.

Second, it is your duty as jurors to discuss this case with one another in the jury room. You should try to reach agreement without sacrificing your individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with fellow jurors and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will always first disclose to the attorneys your question and my response before I answer your question. I will respond as soon as possible either in writing or by having you return to the courtroom so that I can address you personally. You should not tell

anyone—including me or the court security officer—how your vote stands numerically, and any notes should not indicate how your vote stands numerically.

Fourth, during your deliberations, you must not communicate with anyone else outside of the jury about the case. You must not use any electronic device, including cell phones, the Internet, blogs, websites, or other methods to communicate about the case or conduct any research.

Fifth, your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict must be unanimous, meaning you must all agree. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide. If you wish to have any or all of the exhibits sent to you in the jury room, you should advise the court security officer.

Finally, a verdict form has been prepared for your responses, as you will see. A verdict form is simply a written notice of a decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom. I tell you that in answering the questions and inquiries on the verdict form, it is necessary that each of you agree as to the response. Your verdict as to each question must be unanimous.