IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Abingdon Division

| | |
|---|---|
| KYMBERLY HOBBS, Administrator *etc.*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY RAYMOND KELLY, *et al.,* )<br>)<br>Defendants. )<br>/ | Case No. 1:23cv00003 |

ARTRIP & POSTON'S MEMORANDUM
IN SUPPORT OF THEIR MOTION TO TAX COSTS

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. §1920, Defendants Jeffery Artrip and Travis Poston state in support of their motion to tax costs in the amount of $9,706.75 against Plaintiff Kymberly Hobbs:

Background

On March 20, 2025, this Court entered an Order granting Artrip's and Poston's Motions for Summary Judgment. (ECF 177). The Court's Summary Judgment Order denied all relief to Plaintiff Kymberly Hobbs as to her claims against Artrip and Poston and terminated them from the docket. (ECF 177 p.47). Commencing on April 1, 2025, trial proceeded as against only Defendants Anthony R. Kelly, Gregory S. Plummer, Joshua R. Jackson, William Z. Montgomery, and Samuel Osborne. At the conclusion of the trial, a jury returned a defense verdict. (ECF 230). On April 11,

2025, the Court granted judgment in favor of all defendants. (ECF 231).

## ARGUMENT

Generally, "costs . . . should be allowed to the prevailing party." *Fed. R. Civ. P.* 54(d)(1). Rule 54(d)(1) creates a "presumption that costs are to be awarded to the prevailing party." *Omeish v. Kincaid*, 86 F.4th 546, 560 (4th Cir. 2023) (citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). If a district court denies an award of costs, however, "it must articulate some good reason for doing so" because of the presumption that costs are to be awarded to the prevailing party. *Delapp v. Shearer's Foods, Inc.*, No. 1:15cv00020, 2016 U.S. Dist. LEXIS 57037, at *2 (W.D. Va. Apr. 29, 2016) (internal quotation marks and citations omitted). A prevailing party is "a party in whose favor a judgment is rendered [or] one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600-03 (2001) (cleaned up).

The term "costs" as used in Rule 54(d) is defined by statute in 28 U.S.C. §1920, which establishes six categories of costs, including, as sought here, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §1920(2). To satisfy the "necessarily obtained" requirement, the

deposition must have seemed reasonably necessary in light of the particular situation existing *at the time the deposition was taken*. *See LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) (emphasis added), *cert. denied*, 484 U.S. 1065 (1988) (advising that district courts "should award costs when the taking of a deposition is reasonably necessary at the time of its taking"). Taxable transcript costs are not limited to the number of pages necessary for a motion for summary judgment. *See Jop v. City of Hampton, VA*, 163 F.R.D. 486, 488 (E.D. Va. 1995). The prevailing party bears the burden of showing that costs are allowed by §1920; once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of the costs. *See Delapp*, 2016 U.S. Dist. LEXIS, at *3 (citing *Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D. Va. 1998); *Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 441 (E.D. Val. 2011)).

To recover costs a prevailing party must file a bill of costs, which, if allowed, shall be included in the judgment or decree. *See* 28 U.S.C. §1920. Section 1924 requires that the party claiming any item of cost submit a bill of costs and a sworn statement that each item "is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

In accordance with the foregoing, Defendants Artrip and Poston, through

3

counsel, submit their Verified Bill of Costs, attached as **Exhibit 1**, and move to tax the following costs against Plaintiff Kymberly Hobbs:

a) $869.50 in connection with the deposition of plaintiff Kymberly Hobbs on August 14, 2024;

b) $547.25 in connection with the deposition of defendant Anthony R. Kelly on August 15, 2024;

c) $451.00 in connection with the deposition of defendant Gregory S. Plummer on August 16, 2024;

d) $401.50 in connection with the deposition of defendants Joshua R. Jackson, William Z. Montgomery, and non-party George Berry on August 21, 2024;

e) $569.75 in connection with the deposition of defendant Samuel Osborne and non-party Craig O'Der on August 29, 2024;

f) $368.50 in connection with the deposition of defendant Jeffery Artrip on July 31, 2024;

g) $409.75 in connection with the deposition of defendant Travis Poston on July 30, 2024;

h) $603.00 in connection with the deposition of non-parties Brian Harrington and Mack Tolbert on June 21, 2024;

i) $531.50 in connection with the deposition of Thomas Meyer, VADOC's Rule 30(b)(6) witness, on July 23, 2024;

j) $500.50 in connection with the deposition of non-party Ronald West, Jr., on August 13, 2024;

k) $371.25 in connection with the deposition of treating expert Tammy Jones on September 17, 2024;

l) $643.75 in connection with the deposition of treating expert Dr. Brian Stiltner on September 25, 2024;

m) $355.75 in connection with the deposition of plaintiff's expert, Dr. Jesse Shriki on September 4, 2024;

n) $888.00 in connection with the deposition of plaintiff's expert, Dr. William Oliver on September 10, 2024;

o) $1,475.75 in connection with the deposition of plaintiff's expert, Dr. Eli Goodman on September 11 and October 1, 2024;

p) $361.50 in connection with the deposition of defendants' expert, Dr. Erik Christensen on September 25, 2024; and

q) $358.50 in connection with the deposition of defendants' expert, Dr. Mark R. Sochor on October 1, 2024.

These costs total $9,706.75. *See* Verified Bill of Costs, attached as **Exhibit 1**.

Each of the above depositions were "reasonably necessary" at the time the respective deposition was taken. The reasonable necessity of the depositions of the parties and their respective expert witnesses is self-evident. Witnesses Tammy

Jones and Dr. Brian Stiltner were treating medical providers that provided medical care to Charles Givens ("Givens") during the time periods set forth in the Amended Complaint. Witnesses Berry and O'Der were investigators involved in investigations of allegations of abuse of Givens. Witness Ronald West, Jr. was plaintiff's key fact witness in the case. Finally, the deposition of VADOC was reasonably necessary as plaintiff attempted to substantiate her claims and VADOC's response thereto, which directly implicated the supervisory liability claims against defendants Artrip and Poston.

While some of these depositions were not used to support Defendants' dispositive motion, "the Fourth Circuit has not required the use of a transcript in a dispositive motion to make it available as a taxable cost." *Morris v. Taylor Commc'ns Secure*, No. 7:20cv604, 2024 WL 422108, 2024 U.S. Dist. LEXIS 19681, *6 (W.D. Va. Feb. 5, 2024) (citation omitted). So long as the transcripts were reasonably necessary for preparation of trial, costs for obtaining the transcripts are taxable. *Id.*

With the exception of VADOC's Rule 30(b)(6) witness, Meyer, all of the witnesses above were included in either Defendants' pretrial disclosures, the co-defendants' pretrial disclosures, or plaintiff's pretrial disclosure of witnesses *prior*

*to the Court's ruling on Defendants' motions for summary judgment.*[1]  *See* ECF Nos. 167, 168, 165.  Depositions costs for witnesses designated to testify by either the winning party or losing party are recoverable.  *See Morris*, 2024 U.S. Dist. LEXIS 19681, *7.  And as noted above, the deposition of Meyer was reasonably necessary as the deposition explored the conditions of Givens' confinement, allegations of abuse, and investigations of those conditions and allegations there were directly relevant to the defense of the supervisory liability claims.  Accordingly, all of the depositions transcripts listed above were "reasonably necessary at the time of [their] taking," and the Court should award Artrip and Poston their costs for obtaining said depositions.

---

[1] Plaintiff obliquely included VADOC as a witness in her initial disclosures among "all persons and entities listed in Section II of [her] Disclosure" by listing documents and videos obtained by VADOC in Section II of her Initial Disclosures.  Plaintiff was the party who subpoenaed VADOC to testify for deposition pursuant to Rule 30(b)(6).

Conclusion

For these reasons and in consideration of the attached verified Bill of Costs, Defendants Artrip and Poston request the Court to grant its Motion and enter an order directing the Clerk to tax costs against Plaintiff Kymberly Hobbs in the amount of $9706.75.

Respectfully submitted,

/s/ D. Patricia Wallace
D. Patricia Wallace, SAAG, VSB #92964
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E -mail:  pwallace@oag.state.va.us
*(Counsel for Defendants Artrip & Poston)*


Nathan H. Schnetzler (VSB #: 86437)
Austin L. Obenshain (VSB #: 99494)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:   540/772-9167
Email: nschnetzler@faplawfirm.com
          aobenshain@faplawfirm.com
*(Counsel for Defendants Artrip & Poston)*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel for Plaintiff and Defendants.

s/ D. Patricia Wallace  
D. Patricia Wallace, VSB #92964  
Assistant Attorney General