# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DIVISION
## Abingdon Division

KYMBERLY HOBBS, ADMINISTRATOR
OF THE ESTATE OF CHARLES JAMES GIVENS,
DECEASED,

      Plaintiff,

                                            Civil Action No.: 1:23-cv-00003

v.

ANTHONY RAYMOND KELLY, et al.,

      Defendants.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS POSTON AND ARTRIP'S MOTION FOR COSTS

The imposition of costs on Plaintiff Kymberly Hobbs would be unjust and therefore Defendants Artrip and Poston's motion should be denied. On March 20, 2025, this Court entered judgment on behalf of Artrip and Poston. ECF 177. On April 16, 2025, those defendants filed a motion for the taxation of costs. ECF 233. Over a week later, on April 24, they filed the memorandum and bill of costs in support of that motion. ECF 235, 235.1.

Federal Rule of Civil Procedure 54(d)(1) holds that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The recoverable "costs" are limited to those enumerated in 28 U.S.C. § 1920. *See Kouichi Taniguchi*

*v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). The decision to award such costs "ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). The initial burden of demonstrating that the costs sought to be taxed fit within the enumerated costs in 28 U.S.C. § 1920 lies with the party seeking the costs. *Fells v. Va. Dep't of Transp.*, 605 F. Supp. 2d 470, 743 (E.D. Va. 2009). Once this demonstration is made, the burden switches to the unsuccessful party to demonstrate why costs should not be awarded. *See Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (unpublished).

As this Court has noted in the past, "[t]he Fourth Circuit has held that financial inability to pay may be considered by the court in denying an award of costs." *Trail v. Util. Trailer Mfg. Co.*, No. 1:18-cv-37, 2020 U.S. Dist. LEXIS 74478, *2 (E.D. Va. April 28, 2020) *appeal dismissed by* 2020 U.S. App. LEXIS 28308 (4th Cir. Sept. 4, 2020) (citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999); *see also id.* (collecting similar rulings from the Western District of Virginia).

In addition, while not sufficient on its own to deny costs, the "closeness and difficulty of a case is a factor that may be considered" in deciding whether to award costs. *Virginia Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 238 (W.D. Va. 2001) (citing *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986)). This closeness "'is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize

relevant evidence, and by the difficultly of discerning the law of the case.'" *Id.* (quoting *White & White*, 786 F.2d at 733).

Plaintiff brought this case in good faith, the case was difficult and close, and Plaintiff is of modest means. An award of costs against her would be unjust. The difficulty and closeness of this matter can be seen by the fact that Plaintiff prevailed at the motion to dismiss stage against Defendants Poston and Artrip, but the case was dismissed at the summary judgment stage. The exact scope of supervisory liability, such as which events could be considered by this Court and the duty of a supervisor to act on knowledge they received about events happening when they were off duty, were in dispute and not easily discernable from the precedent. This in turn increased the difficulty of reviewing evidence for relevancy. In all, this "case was not a simple one." *Virginia Panel Corp.*, 203 F.R.D. at 238.

In addition to that closeness, and perhaps more importantly, Plaintiff Kymberly Hobbs is of modest means making the taxing of costs against her unjust. She and her husband have almost no savings, having spent their earnings to defray costs for their two children in college, to pay for living/household expenses for a son with autism, and to pay Ms. Hobbs' father-in-law's nursing costs that the Veterans Administration does not cover. *See* Ms. Hobbs' Affidavit, attached as Exhibit 1.

By way of comparison, in *Trail*, this Court found that while the losing party "did not offer evidence of his current income or assets, it is clear from the evidence

3

contained in the summary judgment record" that the losing party had was responsible for a family of four on gross income of about $40,000 per year. *Id*. at *3. Based on "these circumstances and considering his good faith in bringing this action and the closeness of the case," this Court denied the motion for costs. *Id*. at *4.

Lastly, it is also Plaintiff's contention that this motion was not made "within a reasonable time of the final judgment." *Lee v. Belvac Prod. Mach., Inc.*, No. 6:18-cv-75, 2020 U.S. Dist. LEXIS 211179, *3 (W.D. Va. Oct. 20, 2020) *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 210942 (W.D. Va. Nov. 12, 2020). Because Rule 54 "is silent as to the time for filing a bill of costs" and the Western District of Virginia does not have a local rule setting such a time, the reasonableness standard applies. *Id*. Here, a delay of over a month from the time of judgment to the time of filing a bill of costs is not reasonable. As a reference point, the Eastern District of Virginia requires a bill of cost be filed within 14 days of the entry of judgment. E.D. Va. Local Rule 54(D)(1). And this Court's local rules require that motions seeking attorneys' fees "must be filed no later than 21 days after the entry of judgment." W.D. Va. Local Rule 54(a)(1). Filing the bill of costs more than a month after the entry of judgment is not timely.

Respectfully submitted,

By: /s/ Mark Krudys_____
Counsel

Mark J. Krudys (VSB No. 30718)
Danny Zemel (VSB No. 95073)
THE KRUDYS LAW FIRM, PLC
919 East Main Street, Suite 2020
Richmond, Virginia 23219
Phone: (804) 774.7950
Fax: (804) 381.4458
Email mkrudys@krudys.com; dzemel@krudys.com

C. Paul Stanley, III (VSB No. 36789)
C. PAUL STANLEY ATTORNEY AT LAW
390 West Spring Street
Wytheville, VA 24382
Phone: (276) 228-4003
Fax: (276) 276-228-2984
Email: cpst3d@gmail.com

*Counsel for Plaintiff Kymberly Hobbs, Administrator of the Estate of Charles James Givens, Deceased*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing all counsel of record.

                                                          _____/s/ Mark Krudys_____
                                                   Mark J. Krudys (VSB No. 30718)
                                                   THE KRUDYS LAW FIRM, PLC
                                                   919 East Main Street, Suite 2020
                                                   Richmond, Virginia 23219
                                                   804.774.7950 Phone
                                                   804.381.4458 Fax
                                                   mkrudys@krudys.com
                                                   *Counsel for Plaintiff*