IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
June 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

| | |
|---|---|
| **KYMBERLY HOBBS, ADMINISTRATOR OF THE ESTATE OF CHARLES JAMES GIVENS, DECEASED,** | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:23CV00003 |
| v. | ) **OPINION AND ORDER** |
| **ANTHONY RAYMOND KELLY, ET AL.,** | ) J<small>UDGE</small> J<small>AMES</small> P. J<small>ONES</small> |
| Defendants. | ) |

*Mark J. Krudys,* T<small>HE</small> K<small>RUDYS</small> L<small>AW</small> F<small>IRM</small>, *PLC, Richmond, Virginia, for Plaintiff; D. Patricia Wallace, Assistant Attorney General,* O<small>FFICE OF THE</small> A<small>TTORNEY</small> G<small>ENERAL</small>, *Richmond, Virginia, for Defendants Jeffery Artrip and Travis S. Poston.*

Following my entry of summary judgment in their favor, the defendants move to tax costs against the plaintiff totaling $9,706.75. The plaintiff, as administrator for her deceased brother, had brought a wrongful death suit after he died while incarcerated at a Virginia state prison. For the reasons that follow, I will deny the motion.

I.

Kymberly Hobbs sued the two defendants here on a theory of supervisory liability for the death of Charles Givens, who died while incarcerated at the Marion Correctional Treatment Center (MCTC). Defendant Jeffery Artrip was the Warden and defendant Travis Poston was a Captain at MCTC at the time of his death. I

granted summary judgment for them on the supervisory liability claim, which was the only claim Hobbs brought against them. While they are not involved in this motion, there were five other defendants, all of whom were correctional and treatment officers. Following a jury trial, those remaining defendants were found not liable for Givens' death.

II.

Artrip and Poston seek costs totaling $9,706.75, representing court reporter fees for deposition transcripts. Hobbs objects generally to the award of costs on the grounds of her financial situation and that the issues in the case were difficult and close. The defendants argue that because they were the prevailing party, and because the depositions were reasonably necessary at the time they were taken, they should be awarded costs associated with the depositions.

Federal Rule of Civil Procedure 54(d)(1) establishes a general rule that costs of litigation, other than attorney's fees, should be awarded to a prevailing party. However, whether to award costs and the amount of costs to be awarded are matters within the discretion of the trial court. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). Costs may be refused under Rule 54(d)(1) only if the district court "justif[ies] its decision by 'articulating some good reason for doing so.'" *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (quoting *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990)). The losing party's

good faith is not sufficient on its own to warrant a denial of costs, although it is a prerequisite to denying costs to the winner. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

The Fourth Circuit has held that financial inability to pay may be considered by the court in denying an award of costs. *Id.* at 446; *Teague*, 35 F.3d at 996. Similarly, this court has previously ruled that the losing party's financial resources merit consideration in determining whether to deny costs. *Musick v. Dorel Juv. Grp.*, No. 1:11CV00005, 2012 WL 473994, at *1 (W.D. Va. Feb. 13, 2012); *Crusenberry v. Boddie–Noell Enters., Inc.*, No. 2:99CV00129, 2001 WL 418737, at *2 (W.D. Va. Mar. 15, 2001). When a case is particularly close and difficult, courts are willing to deviate from the general rule and deny a request for costs. A case's closeness "is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (cleaned up) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)).

Also, "[e]xecutors and administrators are not personally liable for costs of litigation 'conducted by them in good faith, as to transactions arising *during the lifetime* of their decedent.'" *Norris v. Excel Indus., Inc.*, No. 5:14-cv-29, 2016 WL 1092706, at *2 (W.D. Va. Jan. 26, 2016) (cleaned up) (quoting *In re Butler*, 20 F.

Supp. 995, 997 (W.D. Va. Sept. 15, 1937)), R. & R. adopted, No. 5:14-cv-29, 2016 WL 1091143 (W.D. Va. Mar. 21, 2016). Instead, "the general policy is to hold personal representatives, like other litigants, liable for the costs of unsuccessful litigation conducted by them." *In re Butler*, 20 F. Supp. at 997. "Bringing suit as a personal representative does not shield [a p]laintiff from individual responsibility for costs imposed pursuant to Rule 54(d)(1)." *Norris*, 2016 WL 1092706, at *2.

I find that this case was a relatively close and difficult one. I further find that Administrator Hobbs brought the claim in good faith. The closeness of the case and the good-faith nature of the plaintiff's claims are apparent from the extensive summary judgment record and the length of my opinion granting summary judgment to Artrip and Poston on the single claim brought against them. See *Hobbs v. Kelly*, No. 1:23CV00003, 2025 WL 877129, at *6–15 (W.D. Va. Mar. 20, 2025).

It would be unjust to require Hobbs to pay taxed costs in this case. Because it would be unjust, and because Hobbs brought her claims in good faith, I will deny the defendants' motion to tax costs.

### III.

For the foregoing reasons, it is **ORDERED** that the defendants' motion, ECF No. 233, is DENIED.

ENTER: June 6, 2025

/s/ JAMES P. JONES
Senior United States District Judge